**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL ZEPEDA-JAIME, | No. 18-70259 |
| Petitioner, | Agency No. A095-117-853 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an
Order of the Immigration Judge

Submitted January 15, 2019**

Before: TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Daniel Zepeda-Jaime, a native and citizen of El Salvador, petitions for

review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a)

that he did not have a reasonable fear of persecution or torture in El Salvador and

thus is not entitled to relief from his reinstated removal order. Our jurisdiction is

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review an IJ's negative reasonable fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We review de novo claims of due process violations in immigration proceedings. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Zepeda-Jaime's proposed social group of family members that he raises for the first time on appeal. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below). In addition, substantial evidence supports the IJ's determination that Zepeda-Jaime failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) ("An asylum or withholding applicant's burden includes (1) 'demonstrating the existence of a cognizable particular social group,' (2) 'his membership in that particular social group,' and (3) 'a risk of persecution on account of his membership in the specified particular social group.'").

In his opening brief, Zepeda-Jaime does not challenge the IJ's determination that he did not have a reasonable fear of torture in El Salvador. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

Finally, we reject as unsupported by the record Zepeda-Jaime's contention

that the IJ violated his due process rights by failing to provide a reasoned explanation for the decision. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Bartolome v. Sessions*, 904 F.3d 803, 812 (9th Cir. 2018) ("Although previously removed aliens in the United States are entitled to due process protections, they are not entitled to all of the same protections granted to aliens not previously removed.")

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**