NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 18-1115

—————————

LIDIA ANTONIETA SACAIXOT-SACOR,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

—————————

On Petition for Review of Order From
The Department of Homeland Security and
The Executive Office for Immigration Review
Agency No. A205-840-564
Immigration Judge: Kuyomars Q. Golparvar

—————————

Submitted under Third Circuit LAR 34.1(a)
on October 5, 2018

Before:  SHWARTZ, SCIRICA and ROTH, Circuit Judges

(Opinion filed: April 10, 2019)

—————————

OPINION*

—————————

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**ROTH**, Circuit Judge:

After Lidia Sacaixot-Sacor entered the United States for the second time without being inspected, she was placed in removal proceedings. She then sought relief on the grounds that she had a fear of persecution or torture if she returned to Guatamala, her home country. After an asylum officer and an Immigration Judge (IJ) found that she had no reasonable fear of persecution or torture, she petitioned for review and claims that the IJ violated her due process rights and abused his discretion. For the following reasons, we will deny the petition for review.

## I.

Aliens who have previously been removed from the United States and unlawfully reenter the country are subject to expedited removal under 8 U.S.C. § 1231(a)(5). Pursuant to this statute, the alien's "prior order of removal is reinstated" and "the alien is not eligible and may not apply for any relief under this chapter."[1] Even though these provisions state that aliens may not apply for any relief from reinstatement, Congress has made exceptions to ensure compliance with the Convention Against Torture (CAT).[2]

---

[1] 8 U.S.C. § 1231(a)(5). In order to reinstate a removal order, an immigration officer must make three findings: "(1) the alien was subject to a prior order of removal; (2) the alien is the same person as the one named in the prior order (i.e., confirmation of identity) and; (3) the alien unlawfully reentered the country." *Ponta-Garcia v. Att'y Gen.*, 557 F.3d 158, 161 (3d Cir. 2009) (citing 8 C.F.R. § 241.8(a)(1)-(3)).

[2] *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. §§ 1241.8(e), 1208.31(a); *see also Bartolome v. Sessions*, 904 F.3d 803, 808 (9th Cir. 2018).

2

Under the CAT, aliens who express a fear of persecution or torture in their country of origin may seek relief from removal.[3] If the alien indicates such fear, she is given a reasonable fear interview before an asylum officer.[4]

If the asylum officer finds that the alien has not established a reasonable fear of persecution or torture, the alien can elect to have an IJ conduct a reasonable fear review hearing at which the IJ reviews the asylum officer's decision.[5] An Immigration Court Practice Manual issued by the Office of the Chief Immigration Judge (OCIJ) provides that "[e]vidence may be introduced at the discretion of the [IJ]" and notes that this hearing "is not as comprehensive or in-depth as a withholding of removal hearing in removal proceedings."[6] If the IJ finds the asylum officer's decision erroneous, the alien may apply for relief.[7] If the IJ agrees with the decision, the case is referred to the Department of Homeland Security (DHS) for removal.[8]

II.

---

[3] 8 U.S.C. § 1231(b)(3)(A) ("[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.").

[4] 8 C.F.R. § 1208.31(c).

[5] 8 C.F.R. § 1208.31(f), (g).

[6] Immigration Court Practice Manual (ICPM) ch. 7.4(e)(iv)(E).

[7] 8 C.F.R. § 1208.31(g)(2). The alien has no right to appeal to the Board of Immigration Appeals, but rather, appeals directly to this Court. 8 C.F.R. § 1208.31(g)(1); 8 U.S.C. § 1252(a)(1).

[8] 8 C.F.R. § 1208.31(g)(1).

Petitioner, Sacaixot-Sacor, is a citizen of Guatemala. She first entered the United States without being inspected in early 2013. DHS placed her in removal proceedings, and she was ordered removed on February 11, 2013. In June 2014, she reentered the country without being inspected, and DHS promptly served her with a Notice of Intent/Decision to Reinstate her prior removal order. Sacaixot-Sacor expressed fear of persecution or torture if required to return to Guatemala, and she was placed in reasonable fear proceedings.

During Sacaixot-Sacor's interview with the asylum officer, she testified that she feared returning to Guatemala because she had been repeatedly threatened over the phone by an anonymous man. She claimed he threatened to harm her and her children if she did not give him money. These threats began in 2004, but stopped after she returned to Guatemala in 2013. She reached out to the Guatemalan police for help, but they were unable to assist. The asylum officer concluded that Sacaixot-Sacor failed to show a reasonable possibility that she would be persecuted or tortured if she were to return to Guatemala. Sacaixot-Sacor requested that an IJ review the officer's negative determination.

On January 16, 2018, Sacaixot-Sacor appeared with counsel before an IJ. Counsel submitted additional documents, and the IJ said he would review the documents. The IJ asked Sacaixot-Sacor questions regarding her claim, and she confirmed that she feared returning to Guatemala based on threats from an anonymous man. Then, the IJ asked Ms. Sacaixot-Sacor's attorney if there were any additional inquiries he would like the court to

4

pursue. Counsel did not provide any specific questions that he wanted the IJ to ask and proceeded to make a closing argument.

The IJ affirmed the asylum officer's determination on two grounds. First, he found that the threatening calls did not rise to the level of persecution and second, that Sacaixot-Sacor did not establish that the alleged persecution was connected to a particular social group (PSG). The IJ stated that he reviewed the additional documents counsel submitted.

### III.[9]

Aliens are entitled to due process of law under the Fifth Amendment.[10] To show a procedural due process violation, a petitioner must show "(1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted."[11]

Petitioner does not contest the reinstatement of her removal order. She also does not argue that the statutes and regulations governing reinstatement or reasonable fear proceedings are facially unconstitutional[12] or that the IJ failed to comply with these statutes and regulations. Rather, she argues the process she received during her

---

[9] We have jurisdiction under 8 U.S.C. § 1252(a). "[W]e exercise plenary review over legal determinations, including whether a petitioner's due process rights have been violated." *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017). We have not determined the standard of review for negative reasonable fear review determinations. *See* Section IV.

[10] *See Serrano-Alberto*, 859 F.3d at 213.

[11] *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007).

[12] We have already found that the reinstatement regulation comports with the requirements of due process. *See Ponta-Garcia*, 557 F.3d at 162-63.

5

reasonable fear review hearing violated her due process rights in three ways. First, she claims that the IJ failed to review the additional documents submitted by counsel. This argument fails. It is Petitioner's burden to show that the IJ did not review the record, as "[a]gency action is entitled to a presumption of regularity."[13] The IJ stated on the record that he did review the documents, and Petitioner has not met her burden to rebut the presumption. Moreover, all of the additional documents are duplicative of the evidence already before the IJ and thus could not have affected the outcome of the proceedings.

Second, Petitioner argues that the IJ violated her due process rights because he did not consider both of her proposed PSGs—members of the Sacaixot-Sacor family and female heads of household who lack protective male figures. However, the IJ explicitly stated that Petitioner's fear of persecution was not based on any of the five protected grounds and that the social group that had been articulated did not fall within the definition of *Matter of M-E-V-G*,[14] or meet the three prongs required to qualify as a PSG, or that her family relationship was the main cause of the persecution. Moreover, the IJ's decision did not hinge on the absence of a PSG, as he also found that her claim failed because the harm alleged did not meet the standard for persecution.

Third, Petitioner contends her due process rights were violated because the IJ did not ask questions on directly related and pertinent topics raised by counsel. However,

---

[13] *Kamara v. Att'y Gen.*, 420 F.3d 202, 212 (3d Cir. 2005).
[14] 26 I&N Dec. 227 (BIA 2014).

neither the regulations nor any agency guidance require the IJ to pursue all lines of inquiry requested by counsel. Indeed, the IJ solicited a significant amount of testimony from Petitioner and allowed counsel to make a closing argument, which is more than required in this expedited hearing.[15] Moreover, the additional "lines of inquiry" counsel requested were related to her proposed PSGs, and, as noted above, the IJ's decision did not depend on such a determination.

We conclude that, having received an interview before the asylum officer, a review by an IJ, and opportunities to offer testimony and evidence, Petitioner's due process rights were not violated.

IV.

Petitioner also argues that the IJ abused his discretion. This claim seems to be a thinly-veiled refashioning of her due process arguments because she does not challenge the substance of the IJ's findings but rather the way in which the IJ conducted the hearing. As such, this claim fails for the same reasons as her due process claim.

This Court has not determined the applicable standard of review of an IJ's reasonable fear determinations. Petitioner argues that an abuse of discretion standard should apply, and the United States contends that a facially legitimate and bona fide

---

[15] OCIJ, Exec. Office for Immigration Review, Operating Policies and Procedures Mem. (OCIJ Memo) No. 97-3 at 10 n.10 (explaining that counsel is not entitled to make a closing argument or call, question, or cross examine witnesses).

reason standard applies.  We need not make a determination regarding the proper standard today because Petitioner's claim fails under the more rigorous standard.

Petitioner contends that the IJ made an arbitrary, irrational, or capricious decision because he failed to consider an additional PSG, additional oral testimony, and additional evidence.  But these arguments are not supported by the record.  There is no indication that the IJ abused his discretion.

V.

For the reasons stated herein, we will deny the petition for review.

8