**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

TOMAS BARTOLOME, AKA T.B.H.,
*Petitioner*,

v.

JEFFERSON B. SESSIONS III, Attorney General,
*Respondent*.

No. 15-71666

Agency No.
A074-826-493

---

THOMAS BARTOLIMAE-HERNANDEZ,
*Petitioner*,

v.

JEFFERSON B. SESSIONS III, Attorney General,
*Respondent*.

No. 15-72671

Agency No.
A074-826-493

OPINION

On Petition for Review of an
Immigration Judge's Decision

Argued and Submitted February 15, 2018
San Francisco, California

Filed September 14, 2018

Before:  Carlos T. Bea and N. Randy Smith, Circuit Judges, and David C. Nye,[*] District Judge.

Opinion by Judge N.R. Smith

---

**SUMMARY**[**]

---

**Immigration**

The panel denied Tomas Bartolome's petition for review of an immigration judge's decision affirming an asylum officer's negative reasonable fear determination in reinstatement removal proceedings, and granted and remanded his petition for review of the immigration judge's rejection for lack of jurisdiction of his motion to reopen reasonable fear proceedings.

The panel rejected Bartolome's contention that the asylum officer deprived him of due process by providing him a Spanish-language interpreter, rather than an interpreter in his native language Chuj, because Bartolome advised the asylum officer that he understood "a lot" of Spanish, did not indicate that he had problems understanding the interpreter, stated that the asylum officer's summary of his testimony was correct, and had an opportunity to correct any errors or submit additional evidence on review before the IJ.

---

[*] The Honorable David C. Nye, United States District Judge for the District of Idaho, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel also rejected Bartolome's argument that the IJ deprived him of due process, concluding that the IJ gave Bartolome sufficient time to prepare for his hearing and submit evidence, and adequately considered Bartolome's testimony and the evidence he submitted both to the asylum officer and the IJ. The panel noted that reasonable fear review proceedings are expedited and not full evidentiary hearings, and IJs are not required to provide detailed decisions outlining all the claims raised by the alien. The panel also rejected Bartolome's claim of IJ bias.

The panel held that substantial evidence supported the IJ's determination that Bartolome failed to demonstrate a reasonable fear of persecution, due to the lack of nexus between any harm and a protected ground, or a reasonable fear of torture.

The panel held that the IJ abused his discretion in denying on jurisdictional grounds Bartolome's motion to reopen because the IJ failed to recognize that he had at least *sua sponte* jurisdiction to reopen proceedings. The panel remanded for the IJ to exercise discretion whether to grant reopening.

**COUNSEL**

Siovhan Sheridan (argued), Sheridan Law Office P.C., Tucson, Arizona, for Petitioner.

Nancy K. Canter (argued), Trial Attorney; Keith I. McManus and Cindy S. Ferrier, Assistant Directors; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

N.R. SMITH, Circuit Judge:

Aliens subject to reinstated orders of removal are placed in reasonable fear screening proceedings, if they express fear of persecution or torture in their country of removal. 8 C.F.R. §§ 241.8(e), 1241.8(e). This process consists of an interview before a United States Citizenship and Immigration Services ("USCIS") asylum officer to make a preliminary determination of reasonable fear. If the asylum officer makes a negative reasonable fear determination, the alien may request a de novo review hearing by an immigration judge ("IJ") of the asylum officer's determination. These reasonable fear proceedings, as outlined in 8 C.F.R. §§ 208.31, 1208.31, are intended to provide a fair determination of whether an alien has a reasonable fear of persecution or torture, which fear would require the alien to be referred to an IJ to review eligibility for withholding of removal or relief under the Convention Against Torture ("CAT"). However, these reasonable fear proceedings are to be streamlined, not intended to have full evidentiary hearings, because the alien continues to be subject to the expedited

removal process used for previously removed aliens with reinstated orders of removal. Thus, an IJ's failure specifically to address all of the evidence and claims before him or her (during the reasonable fear review proceedings) does not violate the alien's due process rights. Nevertheless, an IJ's failure to recognize that he or she has *sua sponte* authority to reopen *any* matter in which he or she made a decision (including reasonable fear review hearings) is an abuse of discretion.

## ADMINISTRATIVE FRAMEWORK

Congress has authorized the expedited removal of aliens if "an alien has reentered the United States illegally after having been removed . . . under an order of removal." 8 U.S.C. § 1231(a)(5). Congress further directed that the alien's prior removal order "is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." *Id.*

Despite this directive, Congress has also recognized that it must make exceptions for aliens who demonstrate a clear probability of persecution or torture.[1] *See* 8 U.S.C. § 1231(b)(3). Thus, even an alien subject to expedited removal may still request withholding of removal or relief under CAT. 8 C.F.R. §§ 241.8(e), 1241.8(e), 208.31(a), 1208.31(a). Accordingly, the Attorney General established

---

[1] This process is also applied to aliens who have been convicted of an aggravated felony. *See* 8 U.S.C. § 1228(b); 8 C.F.R.§ 238.1; *see also Gomez-Velazco v. Sessions*, 879 F.3d 989, 992 (9th Cir. 2018).

regulations to screen for aliens who may fall into this category.**²** *See* 8 C.F.R. §§ 208.31, 1208.31.

The regulations provide that, if a previously removed alien expresses a fear of persecution or torture, the Department of Homeland Security ("DHS") shall refer the alien to "an asylum officer for a reasonable fear determination. In the absence of exceptional circumstances, this determination will be conducted within 10 days of the referral." *Id.* §§ 208.31(b), 1208.31(b). The statute outlines that an alien has "a reasonable fear of persecution or torture if the alien establishes a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal." *Id.* §§ 208.31(c), 1208.31(c).

To make the reasonable fear determination, "[t]he asylum officer shall conduct the interview in a non-adversarial manner, separate and apart from the general public." *Id.* After the interview, the asylum officer is required to "create a written record of his or her determination, including a summary of the material facts as stated by the applicant, any

---

**²** The regulations were "[m]odeled on the credible fear screening mechanism . . . [to] allow for the fair and expeditious resolution of such claims without unduly disrupting the streamlined removal processes applicable to these aliens." Regulations Concerning the Convention Against Torture, Interim Rule with Request for Comments, 64 Fed. Reg. 8478, 8479 (Feb. 19, 1999); *see also* EOIR, Office of the Chief Immigration Judge, Operating Policies and Procedures Memorandum (OPPM) No. 99-5 ¶ IV(C) (May 14, 1999) (located at https://www.justice.gov/sites/default/files/eoir/legacy/1999/06/01/99_5.pdf).

additional facts relied on by the officers, and the officer's determination of whether, in light of such facts, the alien has established a reasonable fear of persecution or torture." *Id.*

During the reasonable fear determination, the asylum officer elicits "all information relating both to fear of persecution and fear of torture." Reasonable Fear of Persecution & Torture Determinations, INS AOBT 8/6/2008 *21, 2008 WL 7226112 (Aug. 6, 2008).[3] Based on this evidence, the asylum officer determines whether there is a "reasonable possibility" that the alien established he or she would be persecuted on account of a protected ground or tortured in his or her country of removal.[4] *Id.* Thus, the asylum officer must assess whether the alien "demonstrat[ed] that he has a 'subjectively genuine and objectively reasonable' fear of future persecution." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (citation omitted). "The subjective component is satisfied by credible testimony that the applicant genuinely fears persecution." *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008). "The objective prong is satisfied either by . . . a showing of past persecution, or by a showing of a good reason to fear future persecution based on credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Id.* (internal quotation marks and citation omitted). "Even a ten percent chance of

---

[3] INS Asylum Officer Basic Training.

[4] The reasonable fear screening standard "is the same standard required to establish a 'well-founded fear' of persecution in the asylum context." Reasonable Fear of Persecution & Torture Determinations, INS AOBT 8/6/2008 *4.

future persecution may establish a well-founded fear." *Id.* at 1029–30.

If an asylum officer concludes that the alien has a reasonable fear, the officer refers the alien to an IJ for a full consideration of a withholding of removal claim. *Id.* §§ 208.31(e), 1208.31(e). However, if the asylum officer concludes that the alien does not have a reasonable fear, the asylum officer "shall inquire whether the alien wishes to have an [IJ] review the negative decision." *Id.* §§ 208.31(f), 1208.31(f). If an alien requests review by an IJ, the IJ shall be provided with "[t]he record of determination, . . . the asylum officer's notes, the summary of the material facts, and other materials upon which the determination was based." *Id.* §§ 208.31(g), 1208.31(g). The IJ should conduct the review within ten days of the alien's request. *Id.*

This "reasonable fear review hearing" is conducted by an IJ. It "is not as comprehensive or in-depth as a withholding of removal hearing in removal proceedings." Immigration Court Practice Manual, ch. 7.4(e)(iv)(E).[5] "[I]t is a [de novo] review of the DHS asylum officer's decision." *Id.*; OPPM No. 99-5 ¶ IV(D) (requiring de novo review). "Either party may introduce oral or written statements, and the court provides an interpreter if necessary." Immigration Court Practice Manual, ch. 7.4(e)(iv)(E). After this review hearing, the IJ may concur with the asylum officer and return the case to DHS for removal. 8 C.F.R. §§ 208.31(g)(1), 1208.31(g)(1). In that case, the alien has no right to appeal the IJ's decision to the Board of Immigration Appeals. *Id.* Nonetheless, the alien may appeal the IJ's negative fear

---

[5]    (located at https://www.justice.gov/eoir/pages/attachments/2015/02/02/practice_manual_review.pdf)

determination to our court under 8 U.S.C. § 1252(a)(1), (5). *See Ayala v. Sessions*, 855 F.3d 1012, 1018 (9th Cir. 2017). If the IJ disagrees with the asylum officer, the alien is eligible to apply for withholding of removal and relief under CAT. *Id.* §§ 208.31(g)(2), 1208.31(g)(2).

## PROCEDURAL HISTORY & FACTS

Tomas Bartolome is a native and citizen of Guatemala. He first entered the United States in 1994 illegally and without any governmental permission. He applied for asylum, which was denied. He was thereafter deported from the United States in February 2008. In June 2008, Bartolome attempted to reenter the United States. However, DHS found him to be inadmissible and ordered his expedited removal. After removal, he remained in Guatemala until 2015.

In February 2015, Bartolome illegally reentered the United States. In March 2015, DHS served Bartolome a Notice of Intent/Decision to Reinstate Prior Order. In response, Bartolome expressed a fear of persecution or torture if returned to Guatemala. Based on his asserted fear, he was referred to an asylum officer for a reasonable fear interview.

On May 6, 2015, Bartolome and his attorney appeared before the asylum officer, and the asylum officer interviewed Bartolome. Bartolome explained to the officer that he feared returning to Guatemala, because gangs had extorted him. He claimed that gang members thought he had money, because his family resided in the United States.[6] Bartolome also

---

[6] Bartolome's wife is a legal permanent resident, and two of his five children are United States citizens.

feared that he could be subject to persecution because his brother was involved in politics in Guatemala.

After the interview, the asylum officer issued a negative reasonable fear determination. Although the asylum officer found Bartolome credible, he concluded that Bartolome had failed to establish a reasonable possibility that he would be persecuted or subjected to torture upon his return. Bartolome then requested that an IJ review the asylum officer's negative reasonable fear determination. On May 14, 2015, the matter was referred to an IJ. The initial reasonable fear review hearing was scheduled for May 19, 2015. However, it was continued until May 22, 2015, to allow Bartolome's attorney time to prepare and to secure an appropriate interpreter. Prior to the hearing, Bartolome submitted additional documents in support of his claim that he has a reasonable fear of persecution or torture in Guatemala.

On May 22, 2015, Bartolome appeared with counsel before the IJ. Bartolome testified that he feared harm in Guatemala by local residents, who blamed him for damages caused by a civil engineering water project he was elected to oversee. He also claimed again that gang members had extorted him, because they believed he had money. After the IJ finished asking Bartolome questions, he asked Bartolome's counsel whether "there's anything else she would like [him], as the Judge, to consider." Counsel referenced letters and statements and death threats. The IJ further questioned Bartolome regarding the threats. The IJ then inquired again whether there were any other areas of inquiry. Bartolome's counsel said there were none.

At that point, the IJ concluded that the asylum officer correctly decided that Bartolome was ineligible for

withholding of removal. The IJ explained that Bartolome was not eligible for withholding of removal based on the evidence presented. Specifically, the IJ noted that withholding of removal was not available, because (1) the threats by villagers surrounding the damages caused from the water project and the threats by gang members have no nexus to a protected ground, and (2) there was no evidence that the government would not help him with the villagers or the gangs.

The IJ then issued the following written statement:

> The Court concurs in the DHS Reasonable Fear Determination because Respondent's fear of possible civil liability for a village project he was elected to oversee, and fear of being harmed or killed by gang members who tried to extort money have no connection or nexus to a protected ground and there is no danger or evidence of torture risk from government or with its acquiescence. . . .

> The case is returned to DHS for removal of the alien. This is a final order. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available.

On August 11, 2015, Bartolome filed a motion to reopen with the IJ. The IJ rejected the motion to reopen, concluding that "[t]he court has no authority over this motion. It is returned. Only DHS has authority to consider this motion." Bartolome also separately requested that the USCIS reconsider its findings. USCIS responded that "reasonable fear screening determinations are not subject to motions to

reopen or reconsider"; while it recognized it had sua sponte authority to reopen, it declined to do so in this case.

Bartolome timely appealed the IJ's negative reasonable fear determination, and the IJ's rejection of his motion to reopen.

## STANDARD OF REVIEW

We have jurisdiction to review "[a]n IJ's negative determination regarding the alien's reasonable fear" under 8 C.F.R. § 208.31(g)(1). *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We review the IJ's determination that the alien did not establish a reasonable fear of persecution or torture for substantial evidence. *Id.* "Therefore, we must uphold the IJ's conclusion that [Bartolome] did not establish a reasonable fear of torture unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).[7]

## DISCUSSION

### I.  Reasonable fear determination before the asylum officer.

Bartolome asserts that he was deprived his due process rights and a fair hearing before the asylum officer, because he

---

[7] The government argues that we should apply a more deferential standard of review to the IJ's negative reasonable fear determination. However, we rejected this same argument in *Andrade-Garcia*, 828 F.3d at 833–35.

was provided a Spanish-language interpreter rather than an interpreter in his native language Chuj.  We disagree.

First, a review of the asylum officer's notes shows that Bartolome indicated that he understood "a lot" of Spanish, "but there [were] some words" he did not know.  He also consented to proceeding in Spanish and was provided a Spanish-language interpreter.  The asylum officer made it clear that, if Bartolome did not understand something, he should tell the asylum officer.  Bartolome agreed.  At the conclusion of the hearing, the asylum officer asked Bartolome whether he had any problems understanding the interpreter, to which Bartolome stated he had none.[8]  The asylum officer also read back the summary of Bartolome's testimony to Bartolome.  When asked whether he had any corrections or changes to make to the asylum officer's summary, Bartolome stated that the summary was correct and did not request to add anything.

Although Bartolome now argues that he was unable to present his whole story, he does not specifically indicate (outside of vague references to his political activities) what evidence he was unable to present.  Further, the record does not demonstrate that Bartolome was prevented (based on the interview in Spanish) from providing the evidence that establishes that he fears returning to Guatemala.

Second, even if there were evidence of error, any possible error was or could have been remedied before the IJ in the

---

[8] Bartolome now indicates that he did not understand all of the questions asked of him.  However, a review of the transcript does not evince translation issues; Bartolome's answers were detailed and responsive to the questions asked.

reasonable fear review hearing. In this case, after the asylum officer concluded Bartolome did not have a reasonable fear of persecution or torture, Bartolome requested that an IJ conduct a reasonable fear review hearing, which applies de novo review. "De novo review means that the [IJ] does not defer to the [asylum officer's] ruling but freely considers the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alterations, quotation marks, and citation omitted). In conducting the reasonable fear review hearing, the IJ reviewed all of the previously produced evidence, along with the asylum officers notes; heard additional testimony from Bartolome in his native tongue; and accepted additional documents supporting his claim. The IJ then issued his decision after having considered all of the evidence.

Lastly, both the asylum officer and the IJ found Bartolome to be credible and credited Bartolome's testimony. Bartolome was able to provide all additional details about his reasonable fear of persecution to the IJ. Therefore, any inability to present evidence before the asylum officer did not prejudice Bartolome, because he had an opportunity to present and did present his whole story to the IJ. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (noting that due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner" (citation and quotation marks omitted)).

## II. Reasonable fear review hearing before the IJ.

Aliens subject to removal under 8 U.S.C. § 1231(a)(5) are only entitled to withholding of removal and CAT relief if they express a reasonable fear of persecution or torture. The regulations set forth the process by which asylum officers and

IJs assess an alien's reasonable fear. Although previously removed aliens in the United States are entitled to due process protections, they are not entitled to all of the same protections granted to aliens not previously removed.[9] For example, "[t]here is always a public interest in prompt execution of removal orders: The continued presence of an alien lawfully deemed removable undermines the streamlined removal proceedings [the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA")] established, and permits and prolongs a continuing violation of United States law." *Nken v. Holder*, 556 U.S. 418, 436 (2009) (internal quotation marks and alterations omitted). However, the government has an obligation not to remove persons who may be subject to persecution or torture. Thus, the Attorney General set forth streamlined procedures outlining the process for reasonable fear proceedings. 64 Fed. Reg. at 8479, 8485. Bartolome does not challenge the adequacy of the regulations; however, he challenges the IJ's implementation of them.

Bartolome alleges several due process violations surrounding his reasonable fear review hearing before the IJ. He asserts that (A) the IJ failed to allow adequate time for Bartolome to obtain evidence; (B) the IJ did not consider the evidence Bartolome submitted, did not consider Bartolome's testimony, and did not review and credit Bartolome's testimony before the asylum officer; and (C) the IJ violated Bartolome's right to a fair hearing by introducing the IJ's own biases about Guatemala. None of these claims have merit.

---

[9] Nothing precludes a previously removed alien from applying for refugee status under 8 U.S.C. § 1157(c).

A.  The regulations establish time deadlines for an IJ to conduct a reasonable fear review hearing.  *See* 8 C.F.R. § 1208.31(g) (requiring a hearing be conducted within "10 days"); *see also* § 208.31(g).  Although the regulations allow for the IJ to extend the time of a hearing, an extension is only allowed for "exceptional circumstances."  *Id.* Reasonable fear review hearings were not envisioned to be full evidentiary hearings, which occur in removal proceedings.  *See* 64 Fed. Reg. at 8479, 8485; *see also* Immigration Court Practice Manual, ch. 7.4(e)(iv)(E) ("A reasonable fear review hearing is not as comprehensive or in-depth as a withholding of removal hearing in removal proceedings.").  Rather, they are abbreviated proceedings to ensure that an alien does not have a reasonable fear of returning to his or her country of origin.  *Id.*; *see also* 8 C.F.R. §§ 208.31(e), 1208.31(e) (explaining that the purpose of the initial hearing is to determine whether the alien is entitled to a "full consideration of the request for withholding of removal").  Extensive proof is not needed; rather an IJ need only determine whether there is at least a ten percent chance that the alien "would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal."  *See* 8 C.F.R. §§ 208.31(c), 1208.31(c).[10]  Thus, although an IJ may allow an alien to

---

[10] *See also* USCIS Policy & Procedural Memoranda, *SUBJECT: Guidance for Processing Reasonable Fear, Credible Fear, Asylum, and Refugee Claims in Accordance with Matter of A-B-*, PM-602-0162, \*8, 2018 WL 3426212 (July 11, 2018) (noting that the "reasonable possibility" standard is used as a "screening mechanism" to determine whether the individual is entitled to a more thorough hearing).

submit evidence to support his or her claim, *cf.* 8 C.F.R. § 1003.42(c), the IJ is not required to do so.

In accordance with these guidelines, the IJ reviewed the asylum officer's file and allowed Bartolome to testify in his native language and to present additional evidence (including statements from his wife and brother) prior to making his decision. Although Bartolome now argues that the IJ did not allow him to present evidence at a hearing, we can find no merit in that argument as Bartolome presented evidence at the hearing. Bartolome also made no effort to call any other witnesses. As to a prehearing statement, even assuming that Bartolome attempted to file a prehearing statement (which is not in the record), the IJ would have been within his or her discretion to disallow it.

Bartolome was also provided more time than allowed by the regulations. A short continuance was granted to obtain a Chuj-language interpreter and to allow Bartolome's counsel to prepare. After the brief continuance was granted, neither Bartolome nor his attorney requested additional time to obtain supporting evidence.

B. Reasonable fear review hearings again are not full evidentiary hearings. Like reinstatement orders, reasonable fear review proceedings are intended to be expedited and efficient. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 489–91 (9th Cir. 2007). In expedited proceedings (such as these), IJs do not have the ability nor are they required to provide detailed decisions outlining all the claims raised by the alien. *See* Immigration Court Practice Manual, ch. 7.4(e)(iv)(E). Instead, they review the evidence provided by the asylum officer, along with any new evidence or testimony provided, and issue a "special order for reasonable fear

review proceedings." OPPM No. 99-5 ¶ IV(D) ("order X8"). Here, the IJ made his conclusions without addressing all the evidence or claims before him. As a result, Bartolome assumes the IJ ignored the evidence and hence asserts that the IJ violated his right to a fair hearing. We disagree with this assertion.

First, the IJ noted that he considered all of the evidence, and concluded that he would not change the asylum officer's decision. We have no basis to assume that the IJ failed to consider the evidence before him. Although the IJ did not address all of the evidence and claims specifically, he concluded that Bartolome's activities and the incidents with gang members had no connection or nexus to a protected ground, and there was no "danger or evidence of torture risk" with government acquiescence.[11]

Where, as here, the evidence in the record does not compel a conclusion that the IJ erred in concluding that Bartolome did not establish a reasonable fear of persecution, *Andrade-Garcia*, 828 F.3d at 833, we cannot find Bartolome's due process claim that the IJ ignored evidence has merit, *cf. Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) ("[A]n alien attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence."). Reviewing for substantial evidence,

---

[11] The IJ did not address the claim that Bartolome may be subjected to persecution or torture based on his brother's political activities. Even though Bartolome did not raise his brother's political activities before the IJ, on a de novo review the claims raised before the asylum officer were properly before the IJ. Because the IJ found that the asylum officer was correct, we look to the asylum officer's decision on this issue.

the record supports the IJ's decision. Bartolome asserts three separate reasons for fearing return to Guatemala: (1) gang violence, (2) his participation in the water project, and (3) his brother's political activities.

Reviewing the testimony and the evidence submitted, substantial evidence supports the conclusion that none of these reasons provide a basis for withholding of removal. First, gangs did not target Bartolome based on a protected ground. Rather, the gangs targeted him because they perceived him to have money, which we have not recognized as a cognizable social group. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016). Second, threats based on Bartolome's involvement in the installation of water pipes and a sewer system are not persecution on a protected ground. Although Bartolome attempts to couch the activity as politics, this is not a "political opinion." *Cf. Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1017 (9th Cir. 2011). Finally, although an imputed political opinion would be a basis for withholding of removal, Bartolome failed to establish any threat of future persecution based on his brother's membership in the Mano Duro Partido Party. His brother has not been harmed by the opposition party, nor did Bartolome establish that he, himself, was threatened or harmed by the opposition party. Speculation on what could occur is not enough to establish a reasonable fear. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Similarly, Bartolome failed to provide any evidence that he would be or was in danger of being tortured with the acquiescence of the government.

C. Lastly, Bartolome argues that he was deprived of a fair hearing, because the IJ displayed bias when he commented that Bartolome might seek legal counsel with regard to his liability for the water project. An alien "is not

denied a fair hearing merely because the [IJ] has a point of view about a question of law or policy." *Matter of Exame*, 18 I. & N. Dec. 303, 306 (BIA 1982). Even if the IJ erred in commenting on how he thought Guatemalan civil liability worked, any error was harmless. Further, substantial evidence nonetheless supports the IJ's conclusion that Bartolome's fear that the villagers would seek him out because of damages caused by the water project is not a protected ground.

### III.    Motion to Reopen

No statute or regulation specifically addresses whether an alien may file a motion to reopen reasonable fear proceedings. However, in *Ayala v. Sessions*, we concluded that the IJ abused its discretion in not reconsidering the petitioner's motion for reconsideration of such proceedings. 855 F.3d at 1020–21. Although the petitioner in *Ayala* filed a motion for reconsideration rather than a motion to reopen, the procedures are the same for both motions. *See* 8 C.F.R. § 1003.23(b)(2), (3). Nothing in this regulation precludes an alien from filing a motion to reopen before an IJ. To the contrary, § 1003.23(b)(1) provides that an IJ has *sua sponte* jurisdiction to reopen "*any* case in which he or she has made a decision."[12] (emphasis added).

Here, Bartolome filed a motion to reopen before the IJ. The IJ rejected the motion, concluding he lacked jurisdiction to reopen the matter. This conclusion is contrary to our holding in *Ayala* and thus was error. The IJ's failure to

---

[12] During oral argument, the government conceded that IJs have the inherent authority to reconsider and reopen matters before them, including reasonable fear proceedings.

recognize that he had at least *sua sponte* jurisdiction to reopen proceedings was an abuse of discretion. *See Singh v. Holder*, 771 F.3d 647, 650, 653 (9th Cir. 2014) (noting that when the BIA concludes that it lacks the authority to reopen, rather than denying a motion to reopen as an exercise of discretion, the panel has jurisdiction and remand is required). We therefore remand the matter to the IJ to determine whether an exercise of his jurisdiction is warranted.

Parties shall bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED IN PART; DENIED IN PART.**