NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELADIO MONROY-MARTINEZ, AKA Jauneduardo M. Castellanos, AKA Eladio Martinez Monroy, AKA Eladio Monroy, AKA Eladio Monroy Martinez, AKA Jose Angel Monroy-Martinez, AKA Carlos Olvera-Islas, AKA Arturo Ortega Olivera,<br><br>       Petitioner,<br><br>  v.<br><br>MATTHEW G. WHITAKER, Acting Attorney General,<br><br>       Respondent. | No.   15-73094<br><br>Agency No. A077-093-039<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2019**
San Francisco, California

Before: WALLACE, CLIFTON, and FRIEDLAND, Circuit Judges.

Eladio Monroy-Martinez, a native and citizen of Mexico, petitions for

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of the Board of Immigration Appeals' (Board) order dismissing his appeal from an immigration judge's (IJ) denial of his motion to reopen. We review denials of reopening for abuse of discretion and will reverse if the denial is arbitrary, irrational, or contrary to law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252. The Board did not abuse its discretion, so we deny the petition.

On December 21, 1998, an IJ ordered Monroy-Martinez's removal to Mexico. He subsequently reentered the United States, and on April 11, 2014, the Department of Homeland Security reinstated his prior removal order. Since it has been reinstated, the prior removal order "is not subject to being reopened or reviewed," and Monroy-Martinez "is not eligible and may not apply for any relief" under the immigration laws. *Bartolome v. Sessions*, 904 F.3d 803, 808 (9th Cir. 2018) (quoting 8 U.S.C. § 1231(a)(5)). *But see id.* (describing exception for withholding of removal or relief under CAT).[1] Accordingly, the Board did not have the statutory authority to reopen Monroy-Martinez's removal order.

We recognize that the Board did not base its denial of reopening on this ground. Our review is typically limited to "[t]he grounds upon which . . . the

---

[1] To the extent Monroy-Martinez sought withholding of removal or relief under CAT, he has not challenged the agency's denial of those forms of relief—he challenges only the agency's denial of his motion to reopen, which would have allowed him to additionally pursue asylum relief.

record discloses that [the agency's] action was based." *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1109 (9th Cir. 2011) (alterations in original) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)). However, this doctrine has no application where the agency, as here, was required to deny reopening under the applicable law. *See Morgan Stanley Capital Grp. Inc. v. Pub. Util. Dist. No. 1 of Snohomish Cty., Wash.*, 554 U.S. 527, 544–45 (2008). "That it provided a different rationale for the necessary result is no cause for upsetting its ruling" because to remand "would be an idle and useless formality" and would otherwise "convert judicial review of agency action into a ping-pong game." *Id.* at 545 (quoting *NLRB v. Wyman–Gordon Co.*, 394 U.S. 759, 766–67, n.6 (1969)).

To the extent Monroy-Martinez challenges the decision not to reopen proceedings sua sponte, we lack jurisdiction to review it absent a claim of legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION DENIED.**

3