**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 4 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS LOPEZ-GOMEZ, | No. 19-72158 |
| Petitioner, | Agency No. A099-579-514 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an
Order of the Immigration Judge

Submitted June 2, 2020[**]

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Luis Lopez-Gomez, a native and citizen of Mexico, petitions pro se for

review of an immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a) that he did not have a reasonable fear of persecution or torture in

Mexico, and is thus not entitled to relief from his reinstated removal order. We

have jurisdiction under 8 U.S.C. § 1252. We review an IJ's negative reasonable

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

fear determination for substantial evidence.  *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016).  We review de novo due process challenges to reasonable fear proceedings.  *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019).  We deny the petition for review.

We do not consider the materials submitted by Lopez-Gomez that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record underlying the agency's decision).

Substantial evidence supports the IJ's determination that Lopez-Gomez failed to establish a reasonable possibility of persecution in Mexico on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (fear of future persecution speculative); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (harm based on personal retribution is not persecution on account of a protected ground).

Substantial evidence also supports the IJ's determination that Lopez-Gomez failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico.  *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the

government's part to investigate and prevent crime will not suffice to show acquiescence.").

Lopez-Gomez's contentions that the agency violated his right to due process fail. *See Bartolome v. Sessions*, 904 F.3d 803, 812-14 (9th Cir. 2018) (concluding that petitioner's due process allegations in reasonable fear proceedings lacked merit).

Lopez-Gomez's request to stay his removal, set forth in the opening brief, is denied as unnecessary because, pursuant to this court's January 29, 2020 order, Lopez-Gomez has a stay of removal in effect.

**PETITION FOR REVIEW DENIED.**