**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIMONA CARRILLO-PABLO; FRANKY MIKAEL JACINTO-CARRILLO, | No. 22-1097 |
| Petitioners, | Agency Nos. A208-196-561 A208-196-562 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted February 8, 2024[**]
Pasadena, California

Before: SCHROEDER, BUMATAY, and MENDOZA, Circuit Judges.

Simona Carrillo-Pablo and Franky Mikael Jacinto-Carrillo, natives and

citizens of Guatemala, petition for review of an immigration judge's ("IJ")

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

determination under 8 C.F.R. § 1208.31(a) that they did not have a reasonable fear of persecution or torture in Guatemala and are not entitled to relief from their reinstated order of removal. We have jurisdiction under 8 U.S.C. § 1252. We review an IJ's negative reasonable fear determination for substantial evidence, *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018), and we deny the petition for review.

Substantial evidence supports the IJ's determination that petitioners failed to show that Guatemalan gang members harmed Carrillo-Pablo on account of a protected ground. *See* 8 C.F.R. §§ 208.31(c), 1208.31(c); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (a noncitizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Although petitioners now claim that Carrillo-Pablo was targeted because she was an unmarried, indigenous mother, petitioners acknowledge that they did not propose this particular social group below, *see* 8 U.S.C. § 1252(d)(1) (a petitioner must exhaust administrative remedies), and do not identify support in the record for their contention.

Substantial evidence also supports the IJ's determination that petitioners failed to show a reasonable possibility of torture by or with the consent or acquiescence of the government if petitioners were returned to Guatemala. *See* 8

C.F.R. §§ 208.18(a)(1), 208.31(c), 1208.31(c); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836-37 (9th Cir. 2016) (denying a petition for review of an application for relief under the Convention Against Torture where a petitioner failed to demonstrate government acquiescence sufficient to establish a reasonable possibility of future torture). Petitioners' contention to the contrary is conclusory and unsupported by the record.

In light of intervening authority, the government has appropriately withdrawn its contention that this Court lacks jurisdiction over this petition because it was untimely. *See Alonso-Juarez v. Garland*, 80 F.4th 1039, 1046 (9th Cir. 2023). The petition was timely because it was filed within 30 days of the conclusion of petitioners' reasonable fear proceedings. *Id.* at 1047, 1051.

**PETITION FOR REVIEW DENIED.**