**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTA SILFIDA ROMERO-AMAYA, | No. 21-1030 |
| Petitioner, | |
| | Agency No. A212-953-218 |
| v. | |
| | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of a
Final Order of Removal

Submitted February 16, 2024**
Pasadena, California

Before: TALLMAN, IKUTA, and OWENS, Circuit Judges

Marta Silfida Romero-Amaya, a native and citizen of El Salvador, petitions

for review of an Immigration Judge's ("IJ") decision upholding the determination

by the Department of Homeland Security ("DHS") that she does not have a

reasonable fear of future persecution or torture in El Salvador. As the parties are

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

familiar with the facts, we do not recount them here.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

**1.** The IJ's reasonable fear determination is supported by substantial evidence. *See Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018).  We will not disturb a reasonable fear determination "unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  Here, an asylum officer conducted a reasonable fear interview and concluded that Romero-Amaya failed to establish that she suffered past persecution or torture and to establish a reasonable possibility of future persecution or torture.  Upon Romero-Amaya's request, an IJ conducted an independent reasonable fear review proceeding at which she was represented and assisted by an interpreter.  The IJ concluded that Romero-Amaya failed to offer evidence that there was a reasonable possibility that she would be persecuted on the basis of a protected ground or that she would be tortured.

The IJ found that Romero-Amaya did not establish entitlement to relief under the Refugee Act after she "testified she has not been harmed or threatened or fears harm in the future on account of her race, nationality, religion or any political opinion she has," nor had she ever "been threatened or harmed by anyone in the El Salvadoran government or any police official in El Salvador."  *See* 8 U.S.C. § 1158(b)(1)(B)(i).  Specifically, the IJ concluded that although Romero-Amaya "appear[ed] to be the unfortunate victim of a scam that was committed by an unidentified criminal perpetrator," the perpetrator "was clearly motivated by

2

financial gain at the applicant's expense." Furthermore, aside from the number of threatening phone calls, she "was never personally confronted by the unidentified caller, nor was she ever physically harmed." The IJ further found that no evidence was presented that Romero-Amaya would be persecuted in the future, and that Romero-Amaya in fact "unequivocally testified that following 2015 when she changed her phone number after the last threat she did not receive anymore calls from the unidentified caller." Lastly, the IJ found that Romero-Amaya further failed to demonstrate a reasonable possibility that she would be tortured by or with the acquiescence of the government if returned to El Salvador, on the basis that she testified that she did not fear anyone other than the unidentified caller, and that she has never had any problems with the police or government officials in El Salvador.

The IJ's adverse reasonable fear determination relied on Romero-Amaya's own testimony, provided with the aid of representation and an interpreter. The IJ found that: 1) Petitioner feared returning to El Salvador solely due to a number of phone calls she received from an anonymous caller over five years ago; 2) she was never personally confronted by the unidentified caller, nor was she ever physically harmed; 3) when she changed her phone number she did not receive any more calls from the unidentified caller; 4) she does not fear anyone other than the unidentified caller; and 5) she never had any problems with police or any government official in El Salvador. In light of this record, the IJ's reasonable fear determination is supported by substantial evidence.

3

Because Romero-Amaya fails to identify any error in the IJ's determination and because that determination is supported by substantial evidence, the Court declines to entertain her new arguments raised for the first time in her brief to this Court. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below . . . ." (citation omitted)).

**PETITION DENIED**.