NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOEL LOPEZ-MUNOZ,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 22-1702

Agency No.
A201-020-673

MEMORANDUM*

On Petition for Review of an Order of an
Immigration Judge

Argued and Submitted February 7, 2024
Phoenix, Arizona

Before: BERZON, HURWITZ, and JOHNSTONE, Circuit Judges.

    Joel Lopez-Munoz, a native and citizen of Mexico, petitions for review of a

determination by an immigration judge ("IJ") under 8 C.F.R. § 1208.31(g) that he

does not have a reasonable fear of persecution or torture in Mexico and, therefore,

is not entitled to relief from a reinstated order of removal.

    We have jurisdiction under 8 U.S.C. § 1252. *Alonso-Juarez v. Garland*, 80

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

F.4th 1039, 1043 (9th Cir. 2023). "We review de novo due process challenges to reasonable fear proceedings." *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019). We review the factual findings underlying the IJ's negative reasonable fear determination for substantial evidence. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). We deny the petition.

1. Lopez-Munoz's due process claims fail because he has not established prejudice for any error that may have arisen when the IJ made his adverse credibility finding. *See Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) ("To prevail on a due process challenge to deportation proceedings, [a noncitizen] must show error and substantial prejudice." (quoting *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000))).

To show prejudice, Lopez-Munoz must allege a "plausible scenario[] in which the outcome of the proceedings would have been different." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc) (quoting *Walters v. Reno*, 145 F.3d 1032, 1044 (9th Cir. 1998)). He has not done so, as he has not established a reasonable possibility of future persecution or torture in Mexico. *See* 8 C.F.R. § 1208.31(c). Lopez-Munoz fears persecution for refusing to join the Zetas Cartel, but resistance to gang membership is not, by itself, a

protected ground.[1] *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); *see also Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (finding no basis for withholding of removal in reasonable fear proceeding where petitioner did not demonstrate nexus to a protected ground). Nor has Lopez-Munoz explained how the outcome would be different as to the question whether he faces a reasonable possibility of torture in Mexico, especially given that he has returned to the country several times without incident. In addition, Lopez-Munoz's brief does not contest the finding that he could avoid any future encounters with cartel members by relocating outside of his hometown. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022).

2. Apart from his due process claims, Lopez-Munoz contends that the IJ did not provide "specific and cogent reasons" for finding him not credible during the review proceeding. *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). Without passing on the merits of the IJ's credibility determination, we disagree that he failed to specify his reasoning. The IJ detailed his reasons, including (1) Lopez-Munoz's consistent statements to immigration officers that he did not fear return to

---

[1] Lopez-Munoz forfeited any challenge to the IJ's determination that he was not or would not be harmed on account of a protected ground by failing to raise the issue in his opening brief. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

Mexico;[2] (2) his plans to return to his hometown if removed, where cartel members could find him; (3) inconsistencies in his 2005 police report and conversations with prosecutors; (4) and his prior purchase and use of a counterfeit document to enter the United States.

**PETITION DENIED.**[3]

---

[2] Any contention that these statements were "off of the record" or not included in the administrative record is meritless. The documents on which the IJ relied contained sworn statements Lopez-Munoz provided to immigration officials, each of which appears in the record produced by the Department of Homeland Security.

[3] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.