**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILTON MAURICIO TACHIN ORTIZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-900

Agency No.
A208-884-576

MEMORANDUM*

On Petition for Review of an Order of an
Immigration Judge

Submitted February 21, 2024**

Before:    FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

Milton Mauricio Tachin Ortiz, a native and citizen of El Salvador, petitions

pro se for review of an immigration judge's ("IJ") order affirming an asylum

officer's negative reasonable fear determination.  We have jurisdiction under

8 U.S.C. § 1252.  We review for substantial evidence an IJ's negative reasonable

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

fear determination. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). We deny the petition for review.

Substantial evidence supports the IJ's determination that Tachin Ortiz failed to show a reasonable possibility that the harm he fears would be on account of a protected ground. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (no basis for withholding of removal where petitioner did not show a nexus to a protected ground).

Substantial evidence also supports the IJ's determination that Tachin Ortiz failed to show a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to El Salvador. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836-37 (9th Cir. 2016) (petitioner failed to demonstrate government acquiescence sufficient to establish a reasonable possibility of future torture). Tachin Ortiz's contention that he was beaten by the police is not properly before the court because he failed to raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**