NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEBER ACEVEDO-CASTRO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-73305 <br><br> Agency No. A089-841-735 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2022
Submission Vacated January 18, 2023
Resubmitted March 29, 2024
Pasadena, California

Before: KELLY,** M. SMITH, and COLLINS, Circuit Judges.

Geber Abdeel Acevedo-Castro, a citizen of Guatemala who is subject to a

reinstated order of removal, *see* 8 U.S.C. § 1231(a)(5), petitions for review of a

decision of an Immigration Judge ("IJ") upholding an asylum officer's

determination that Acevedo-Castro had not established a "reasonable fear" of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

persecution or torture in Guatemala.  We have jurisdiction over Acevedo-Castro's timely petition for review under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252.  *See Alonso-Juarez v. Garland*, 80 F.4th 1039, 1045–54 (9th Cir. 2023).[1]  "We review the IJ's determination that the alien did not establish a reasonable fear of persecution or torture for substantial evidence."  *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018).  We must uphold the IJ's conclusion "unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'"  *Id*. (citations omitted).  We deny the petition.

1.  As we have explained, the "reasonable fear screening standard" applicable in reinstated-removal-order cases "is the same standard required to establish a 'well-founded fear' of persecution in the asylum context."  *Bartolome*, 904 F.3d at 809 n.4 (citation omitted); *see also Mendoza-Linares v. Garland*, 51 F.4th 1146, 1152 (9th Cir. 2022).  Acevedo-Castro therefore had to establish a reasonable or well-founded fear of (1) "treatment ris[ing] to the level of persecution," (2) "by the government, or by forces that the government was unable or unwilling to control," and (3) on account of a protected ground.  *Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021) (citations and internal quotation

---

[1] We had vacated submission of this matter pending resolution of another case presenting this same jurisdictional issue.  However, given that the published decision in *Alonso-Juarez* has now squarely resolved that jurisdictional issue, we have resubmitted this matter.

marks omitted). Substantial evidence supports the IJ's determination that Acevedo-Castro failed to establish a "reasonable possibility" of persecution on a protected ground. *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195 (9th Cir. 2021).

Acevedo-Castro claimed that there was a nexus between his asserted political activities in Guatemala and a June 2018 shooting incident and subsequent death threats. Substantial evidence supports the IJ's rejection of this contention. Acevedo-Castro testified that he did not know who shot at him, and he told Guatemalan investigators that he did not have enemies or "any problems with anyone." The woman who was with him when they were both shot told investigators that she thought the shooting was due to threats over debts she owed, although she also stated that the suspect that she first had in mind had denied being responsible for the shooting. Acevedo-Castro also testified that while he received anonymous threatening messages after the shooting, he did not know the messengers' identities and the messages did not specifically mention his political involvement. Whether or not we would have read the evidence the same way, we cannot say that it compels the conclusion that Acevedo-Castro sufficiently established the nexus element. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected

3

ground.").

2.  Substantial evidence supports the IJ's determination that Acevedo-Castro failed to establish a reasonable possibility of torture if removed to Guatemala. "Torture" requires a showing, *inter alia*, that the actual or feared mistreatment would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (citations and internal quotation marks omitted).  On this record, the IJ permissibly concluded that it had not been shown that the Guatemalan government had acquiesced in the shooting of Acevedo-Castro or that it would acquiesce in such mistreatment if he is removed to Guatemala.  Indeed, the record shows that the Guatemalan police investigated Acevedo-Castro's shooting and interviewed multiple witnesses.

**PETITION DENIED.**