**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EFRAIN MATEO DIEGO, | No. 23-1583 |
| Petitioner, | Agency No. A029-277-939 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2024**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Petitioner Efrain Mateo Diego is a native citizen of Guatemala and seeks

review of a finding of no reasonable fear and an accompanying reinstatement of a

prior order of removal. We have authority to review reasonable-fear

determinations and reinstatement orders under 8 U.S.C. § 1252(a)(1), (5). We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review due process claims de novo and reasonable-fear and torture determinations for substantial evidence. *See Zhao v. Mukasey*, 540 F.3d 1027, 1030 (9th Cir. 2008); *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021); *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). We deny the petition.

An order of removal was first issued against Petitioner in 1999 and he was removed from the United States in 2012. After illegally reentering the country in 2015, the Department of Homeland Security reinstated Petitioner's prior order of removal under "a streamlined process for removal [because he] return[ed] illegally to this country after a previous removal order[.]" *Tomas-Ramos v. Garland*, 24 F.4th 973, 976 (4th Cir. 2022). But Petitioner expressed fear at being removed to Guatemala, and so was given a reasonable-fear interview by an asylum officer on June 30, 2023. The asylum officer determined that Petitioner did not have a reasonable fear; an Immigration Judge (IJ) affirmed in an oral opinion.

1. Substantial evidence supports the negative reasonable-fear determination. Petitioner can only have his removal withheld if he can establish a clear probability that, if returned to his homeland, he would be persecuted on account of a statutorily protected ground under the Immigration and Nationality Act § 241. 8 U.S.C. § 1231(b)(3)(A). Determining "[w]hether particular conduct constitutes persecution or [mere] random violence [requires an examination of] the perpetrator's motive." *Bromfield v. Mukasey*, 543 F.3d 1071, 1076 (9th Cir. 2008)

(simplified). Based on Petitioner's testimony, the asylum officer found that "during the time the 18th Street Gang members were threatening and harming the applicant, they never mentioned his skin color or dialect. The gang members only warned the applicant to pay the quota so they would not harm him or his family." By targeting Petitioner for purely economic reasons, he was experiencing random violence, not persecution. Additionally, Petitioner failed to prove that he could not relocate within Guatemala to avoid the gang (a requirement for demonstrating a risk of future persecution). *See Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021) (citing 8 C.F.R. § 1208.13(b)(3)(i)). Substantial evidence thus supports the determination against reasonable fear of past or future persecution.

2. Substantial evidence also supports the IJ's denial of Petitioner's claims regarding the Convention Against Torture (CAT). First, because the IJ found that Petitioner lacks a reasonable possibility of being persecuted, substantial evidence supports that Petitioner lacks a reasonable possibility of being tortured. Torture is a concept "more severe than persecution," and has a correspondingly higher standard of proof. *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (citing *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005)); *see also* 8 C.F.R. § 1208.31(c). Second, government involvement or acquiescence is required for a successful CAT claim, and Petitioner failed to meet his burden of proof under 8 C.F.R. § 1208.18(a)(1). Substantial evidence supports the IJ determination that

criminal gangs do not act "at the instigation or with the consent or acquiescence of the government." *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 787 (9th Cir. 2004) (simplified). So Petitioner's CAT claim independently fails because there is no risk of torture stemming from the action or inaction of the Guatemalan government. *See id.*

3. Petitioner's due process claims relating to his delayed reasonable-fear interview are meritless. For a successful procedural due process claim, an alien "must show that the violation prejudiced him." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (simplified). "To show prejudice, [an alien] must present plausible scenarios in which the outcome of the proceedings would have been different if a more elaborate process were provided." *Id* (simplified). But here, Petitioner failed to demonstrate that the IJ's ruling would have changed absent the delay. In fact, the IJ affirmed the negative reasonable-fear determination despite the assumption that "[Petitioner] would face torment from the gangs if [he] went back[.]" Since the IJ agreed with Petitioner about future gang violence, it is difficult to see how the reasonable-fear interview delay could have caused Petitioner any prejudice. Petitioner was not deprived of due process.

**PETITION DENIED.**