**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FELIPE TRUJILLO-OCHOA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 24-838

Agency No.
A072-984-954

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2024**
Phoenix, Arizona

Before: HAWKINS, TASHIMA, and OWENS, Circuit Judges.

Felipe Trujillo-Ochoa, a native and citizen of Mexico, petitions for review of

an immigration judge's ("IJ") determination, in a reasonable fear proceeding, that he

failed to demonstrate a reasonable fear of persecution or torture and therefore would

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

not be entitled to withholding of removal or relief under the Convention Against Torture from his reinstated removal order. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review the agency's determination for substantial evidence. *See Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). We deny the petition.

Substantial evidence supports the IJ's determination that Trujillo failed to show a reasonable possibility that the harm he fears would be on account of a protected ground. *See id.* at 814 (no basis for withholding of removal where petitioner did not show a nexus to a protected ground). Consistent with the IJ's explanation, Trujillo's testimony indicates that the individuals who threatened him in the past were motivated by pecuniary gain rather than a protected ground. *Cf. Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence also supports the IJ's determination that Trujillo failed to show a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836–37 (9th Cir. 2016) (petitioner failed to demonstrate government acquiescence sufficient to establish a reasonable possibility of future torture).

**PETITION FOR REVIEW DENIED.**