**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| CLAUDIO MARTINS, | No. 24-6579 |
| Petitioner, | Agency No. A059-389-130 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of
an Immigration Judge

Submitted June 18, 2025**

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Claudio Martins, a native and citizen of Brazil, petitions pro se for review of

an immigration judge's ("IJ") order affirming an asylum officer's negative

reasonable fear determination. We have jurisdiction under 8 U.S.C. § 1252. We

review for substantial evidence the IJ's affirmance of the negative reasonable fear

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

determination. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). We deny the petition for review.

Substantial evidence supports the IJ's determination that Martins failed to show a reasonable possibility that the harm he suffered or fears was or would be on account of a protected ground. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (no basis for withholding of removal where petitioner did not show a nexus to a protected ground).

Substantial evidence also supports the IJ's determination that Martins failed to show a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Brazil. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836-37 (9th Cir. 2016) (petitioner failed to demonstrate government acquiescence sufficient to establish a reasonable possibility of future torture)

**PETITION FOR REVIEW DENIED.**