**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO ORTIZ-ALFARO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-73312 <br><br> Agency No. A029-677-022 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 6, 2020
Portland, Oregon

Before: BENNETT and MILLER, Circuit Judges, and PEARSON,[**] District
Judge.

Alejandro Ortiz-Alfaro petitions for review of the immigration judge's

denial of Ortiz-Alfaro's motion for *sua sponte* reopening. We have jurisdiction

under 8 U.S.C. § 1252(a)(1). *See Bartolome v. Sessions*, 904 F.3d 803, 815 (9th

Cir. 2018). Our review is limited to determining whether the immigration judge's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Benita Y. Pearson, United States District Judge for the
Northern District of Ohio, sitting by designation.

decision rested on "legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016); *see* 8 U.S.C. § 1252(a)(2)(D). Ortiz-Alfaro presents challenges to both legal and discretionary determinations by the immigration judge. We deny the petition in part and dismiss it in remaining part.

1. We agree with Ortiz-Alfaro that the immigration judge did not simply exercise discretion to deny reopening because Ortiz-Alfaro had not satisfied the standard of *Matter of Beckford*, 22 I. & N. Dec. 1216 (B.I.A. 2000) (en banc). Rather, the immigration judge held that satisfying *Beckford* was a legal requirement. In *Beckford*, the Board required a petitioner seeking *sua sponte* reopening to "at a minimum . . . demonstrate a substantial likelihood that the result in his case would be changed if reopening is granted." *Id*. at 1219. The immigration judge in the case at bar explained that "to warrant *sua sponte* reopening," Ortiz-Alfaro had to satisfy *Beckford*. The immigration judge then rejected Ortiz-Alfaro's claim because Ortiz-Alfaro had not "demonstrated a 'substantial likelihood' that the outcome of a reopened reasonable fear hearing would be different."

But we do not agree that the immigration judge legally erred by applying the "substantial likelihood" standard of *Beckford*. Ortiz-Alfaro argues that *Beckford* "did not purport to hold that all motions" for *sua sponte* reopening "must demonstrate a 'substantial likelihood'" of a different outcome. We do not read

*Beckford* as announcing a holding limited to its facts. The Board spoke clearly: the "substantial likelihood" standard is a "minimum" requirement to warrant *sua sponte* reopening. *Beckford*, 22 I. & N. Dec. at 1219. The context of *Beckford* supports that reading. Among other things, the Board declined to adopt an alternative standard, proposed by two dissenting board members, under which the petitioner in that case showed that reopening was warranted because a failure to reopen his case would "result in a miscarriage of justice." *Id*. at 1219–20.

We recognize that *Beckford*'s "substantial likelihood" standard represents a narrowing of the "exceptional situation" test set out in *Matter of J-J-*, 21 I. & N. Dec. 976 (B.I.A. 1997), and *Matter of G-D-*, 22 I. & N. Dec. 1132 (B.I.A. 1999). But the government correctly notes that Ortiz-Alfaro does not argue that anything in the statute or regulations prohibits the agency from adopting such a standard, and indeed the regulations themselves allow nearly unfettered discretion. *See* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1); *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

Ortiz-Alfaro does not argue in his opening brief that applying *Beckford*'s "substantial likelihood" standard undercuts *Ekimian*'s reasoning that the "exceptional situation" standard provides no meaningful standard for judicial review, and we do not consider that question. *See Ekimian*, 303 F.3d at 1159. Similarly, because Ortiz-Alfaro does not assert a claim under *Matter of Lozada*, 19

3

I. & N. Dec. 637 (B.I.A. 1988), we do not consider the application of *Beckford* in that context.

Finally, to the extent that Ortiz-Alfaro argues that the immigration judge deviated from the agency's settled course of adjudication by applying *Beckford*, we lack jurisdiction to consider that claim. *See Lona v. Barr*, 958 F.3d 1225, 1236–38 (9th Cir. 2020).

2. Ortiz-Alfaro presents three other legal arguments, which we reject. First, the immigration judge explained that Ortiz-Alfaro's motion was beyond the time limit for a *statutory* motion to reopen. The immigration judge therefore considered the request for *sua sponte* reopening on the merits. The immigration judge did not determine that Ortiz-Alfaro's reasonable fear proceedings could not be reopened solely because they were time-barred, as Ortiz-Alfaro contends. Second, the immigration judge did not find that Ortiz-Alfaro's motion was precluded by our prior rejection of his petition for review. Instead, the immigration judge relied in part on that decision in declining to exercise *sua sponte* authority. Third, the immigration judge did not fail to consider Ortiz-Alfaro's imputed-nationality claim but instead expressly considered and rejected it. *Cf. Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010) (an agency's failure to exercise discretion may constitute legal error).

3. Ortiz-Alfaro frames his remaining arguments as legal challenges, but

they instead implicate the immigration judge's exercise of discretion. For example, Ortiz-Alfaro argues that the immigration judge should have granted reopening because *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (B.I.A. 2014), constituted a change in law that Ortiz-Alfaro should have had a chance to address before the prior immigration judge relied on it. We lack jurisdiction to consider these claims. *See Lona*, 958 F.3d at 1234–35.

**PETITION DENIED IN PART and DISMISSED IN PART**.