**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HILDA MENDOZA-GOMEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-70745

Agency No. A205-667-407

MEMORANDUM<sup>*</sup>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2020<sup>**</sup>
Seattle, Washington

Before:  GRABER and W. FLETCHER, Circuit Judges, and KOBAYASHI,<sup>***</sup>
District Judge.

Petitioner Hilda Mendoza Gomez ("Petitioner") is a native and citizen of

Guatemala.  She seeks review of the Board of Immigration Appeals' ("BIA") final

---

<sup>*</sup>       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

<sup>**</sup>      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

<sup>***</sup>     The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

order dismissing her appeal from the immigration judge's ("IJ") denial of her request for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny the petition.

1.     Petitioner argues that the IJ failed to follow the "one central reason" test for asylum and failed to recognize that there may be more than one "central reason" for persecution. See 8 U.S.C. § 1158(b)(1)(B)(i) (stating the asylum applicant must establish that a protected ground "was or will be at least one central reason for persecuting the applicant"). On appeal, the BIA agreed with the IJ that Petitioner did not suffer persecution on account of a protected ground. The BIA concluded that the central reason for Petitioner's persecution was her interference with gang recruitment. Substantial evidence supports the finding that Petitioner was attacked not because of her religion, but because her religious activities discouraged youths from joining the gang.

2.     During the proceedings before the IJ, Petitioner did not delineate a particular social group. The IJ did not seek clarification and the BIA did not remand for such clarification. The BIA did, however, determine that the IJ's nexus determination was not based on any clearly erroneous factual finding or legal error. Petitioner argues that the BIA's decision not to remand constitutes error. We disagree. Where the BIA conducts a de novo review and applies the correct legal

standard, any error by the IJ is rendered harmless.  Avendano-Hernandez v. Lynch, 800 F.3d 1072, 1078 (9th Cir. 2015).  Thus, even if the IJ erred by failing to clarify Petitioner's social group, the BIA's review and application of the correct legal standard rendered the error harmless.

3.       Under 8 C.F.R. § 1003.1(d)(3)(iv), "the Board will not engage in factfinding in the course of deciding appeals."  Petitioner argues that the BIA improperly made factual findings about whether the government of Guatemala acquiesced in her torture.  Petitioner seeks remand to the IJ for consideration of that issue.  "Where the IJ has not made a finding of fact on a disputed matter, and such a finding is necessary to resolution of the case, the BIA must remand to the IJ to make the required finding; it may not conduct its own fact-finding."  Rodriguez v. Holder, 683 F.3d 1164, 1170 (9th Cir. 2012).

Although the IJ did not make specific factual findings addressing the issue of government acquiescence, the IJ concluded that there was insufficient evidence to establish acquiescence or willful blindness.  See Akosung v. Barr, 970 F.3d 1095, 1104 (9th Cir. 2020) (recognizing that the CAT regulations do not require government participation in torture and that official acquiescence is sufficient).  Petitioner attempted to rebut this finding by presenting evidence about government acquiescence.  The BIA thus was not fact-finding, it was responding to Petitioner's

3

arguments. Further, Petitioner's generalized evidence of crime and violence in Guatemala does not establish that Petitioner has a personal, particularized risk of more likely than not being subject to torture in the future if removed to Guatemala. See Delgado-Ortiz v. Holder, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

4.     Petitioner's final argument is that the case should be remanded to the IJ for consideration of evidence regarding country conditions. Petitioner presented evidence of the conditions in Guatemala to the IJ in a prehearing submission. Although the IJ's decision does not discuss country conditions, there is no basis to assume that the IJ failed to consider this evidence in ruling on Petitioner's request for CAT relief. See, e.g., Bartolome v. Sessions, 904 F.3d 803, 814 (9th Cir. 2018) ("We have no basis to assume that the IJ failed to consider the evidence before him."). Remand to the IJ is therefore unnecessary. Because substantial evidence supports the BIA's determination that Petitioner is not eligible for CAT relief, we deny that portion of her petition. See Davila v. Barr, 968 F.3d 1136, 1141 (9th Cir. 2020) (stating standard applicable to review of the BIA's CAT determinations).

**PETITION DENIED.**