NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

WENDY NINETH QUINONEZ-CORADO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 20-73478

Agency No. A200-628-591

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals
Submitted January 10, 2022[**]
Pasadena, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BLOCK,[***] District Judge.

Wendy Nineth Quinonez-Corado, a native and citizen of Guatemala,

illegally entered the United States in November 2010, and was promptly ordered

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

removed. She reentered again in December 2016 but encountered Border Patrol agents. The Department of Homeland Security reinstated the prior removal order. When Quinonez-Corado expressed fear of persecution or torture if returned to Guatemala, she was given a reasonable fear interview before an Asylum Officer ("AO"). Quinonez-Corado stated that she fears a member of a gang who, since 2008, had harassed her, forced her to carry out crimes for the gang, and wanted her to be his wife and join the gang. The AO found Quinonez-Corado credible but determined that she had not shown a reasonable fear of persecution or torture if returned to Guatemala. Quinonez-Corado appealed to an Immigration Judge ("IJ") who heard Quinonez-Corado's testimony and determined that she had not shown a nexus between the harm she feared and a protected ground or a reasonable possibility that the private harm she feared would be inflicted with the consent or acquiescence of the public authorities. Quinonez-Corado filed a timely petition for review in the Ninth Circuit Court of Appeals. We have jurisdiction to review the IJ's decision, 8 U.S.C. § 1252(a)(1); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and we deny the petition.

Reasonable fear proceedings are streamlined proceedings, "intended to provide a fair determination of whether an alien has a reasonable fear of persecution or torture, which fear would require the alien to be referred to an IJ to review eligibility for withholding of removal or relief under the Convention

2

Against Torture ('CAT')." *Bartolome v. Sessions*, 904 F.3d 803, 808 (9th Cir. 2018). "Thus, an IJ's failure specifically to address all of the evidence and claims before him or her . . . does not violate the alien's due process rights." *Id.* We review the IJ's determination that a non-citizen has not established a reasonable fear of persecution or torture for substantial evidence and must uphold the IJ's decision "unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* at 811 (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).

Quinonez-Corado asserts that she suffered past persecution on account of her membership in a social group of single women in Guatemala who are defenseless against criminal gangs. However, the IJ found that she had failed to show a nexus between her proffered group and the harm she suffered. Quinonez-Corado has not shown that this determination is unreasonable. She only testified that one gangster was interested in her, but stated he never told her why he was interested in her. She did not offer any evidence of the treatment of other members of the proposed class by the individual gangster, any gang, or the Guatemalan government.

In addition to showing past persecution and a nexus between the past persecution and a protected ground, a noncitizen must show that the "persecution was committed by the government, or by forces that the government was unable or

3

unwilling to control." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017 (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)). The IJ's determination that Quinonez-Corado failed to show that the government is unable or unwilling to protect her is supported by substantial evidence. Quinonez-Corado does not allege that the gangster ever physically harmed her. Moreover, this is not an instance where the police failed to act. *See Davila v. Barr*, 968 F.3d 1136, 1143 (9th Cir. 2020). When Quinonez-Corado went to the police in 2008, they took her report and opened a case, even though she asserts that they did not investigate her complaint. In 2013, in another city, when Quinonez-Corado complained to the police, they took her report and said they would investigate. In addition, Quinonez-Corado reported that the police on occasion detained the gangster who harassed her and that he had been detained for nearly a year in 2012 or 2013. Thus, even though Quinonez-Corado never alleged physical harm, the authorities were responsive to her complaints, and were not afraid of the gangster. Also, Quinonez-Corado did not contend that she could not safely relocate to another part of Guatemala.

Because Quinonez-Corado has not made a compelling showing of either a nexus between her past persecution and her membership in a cognizable social group, or that the authorities are unable or unwilling to protect her should she return to Guatemala, her petition is **DENIED**.

4