NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LUIS VAZQUEZ-ARDON,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 20-73148

Agency No. A206-836-726

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 13, 2022
Pasadena, California

Before: CLIFTON and M. SMITH, Circuit Judges, and S. MURPHY, III, **
District Judge.

Petitioner Jose Vazquez-Ardon seeks review of an immigration judge's

("IJ") reasonable fear of persecution and torture findings, which the IJ made in the

course of reviewing an asylum officer's adverse reasonable fear determination

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

during expedited reinstatement of removal order proceedings. *See* 8 C.F.R. §§ 208.31, 241.8. We review an IJ's reasonable fear of persecution or torture findings for substantial evidence. *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). And we review questions of law de novo. *Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004). We affirm the IJ's persecution finding, and we reverse and remand for the IJ to apply the correct legal standard to Petitioner's Convention Against Torture ("CAT") claim.

For the persecution claim, substantial evidence supported the IJ's finding that Petitioner lacked a reasonable fear of persecution. Petitioner safely relocated within El Salvador for four years. "An applicant is ineligible for asylum if the evidence establishes that 'the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so.'" *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004) (ellipsis in original) (quoting 8 C.F.R. § 208.13(b)(2)(ii)); *see also* 8 C.F.R. § 1208.13(b)(2)(ii).

But the IJ applied the wrong legal standard to Petitioner's CAT claim. The IJ concluded that Petitioner "has not shown it is more likely than not he would be tortured in El Salvador." And the IJ cited the burden of proof for the "more likely than not" standard under 8 C.F.R. § 1208.16(c)(2). Under a "more likely than not standard," Petitioner must show "a greater than fifty percent chance of torture."

*Edu v. Holder*, 624 F.3d 1137, 1145 n.16 (9th Cir. 2010) (citations omitted). Yet, at the present stage, Petitioner need only show a "reasonable possibility" of torture, 8 C.F.R. §§ 208.31(c), 1208.31(c), which is "a ten percent chance that the non-citizen will be . . . tortured if returned to his or her home country." *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195 (9th Cir. 2021) (citations omitted).

Because the IJ applied the wrong legal standard, we are required to remand for further proceedings. *See Lopez v. Ashcroft*, 366 F.3d 799, 806 (9th Cir. 2004) (holding that a remand was necessary because "the BIA applied the wrong legal standard," and thus "the BIA to date ha[d] not taken the opportunity to apply its expertise to th[e] issue"); *see also Zheng v. Ashcroft*, 332 F.3d 1186, 1197 (9th Cir. 2003) (remanding a CAT claim when the BIA applied the wrong legal standard). Even if we were uncertain whether the IJ used the correct standard, then a remand would still be appropriate. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004) (remanding because "[w]e cannot be certain" whether the BIA relied an incorrect legal rule for its findings). When the IJ reviews Petitioner's CAT claim on remand, the IJ must apply the correct legal standard.

The petition is therefore **DENIED in part and GRANTED in part**. The motions for a stay of removal (Docket Entries 1 and 5) are **GRANTED**. We **REMAND** for further proceedings.

The parties must bear their own taxable costs.