NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GODO ALFREDO LOPEZ, | No. 15-73403 |
| Petitioner-Appellant, | Agency No. A022-437-144 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent-Appellee. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022**
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and ROSENTHAL, District Judge.***

Godo Alfredo Lopez, a native and citizen of El Salvador, seeks review of

determinations by an Immigration Judge ("IJ") that he failed to demonstrate a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lee H. Rosenthal, Chief U.S. District Court Judge for the Southern District of Texas, sitting by designation.

reasonable fear of persecution or torture if were returned to El Salvador. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review the IJ's factual findings for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We "must uphold the IJ's conclusion that [Lopez] did not establish a reasonable fear of [persecution or] torture unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018) (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).

To qualify for withholding of removal, Lopez must demonstrate a "reasonable possibility that he . . . would be persecuted on account of his . . . race, religion, nationality, membership in a particular social group or political opinion." 8 C.F.R. § 208.31(c). Lopez asserts that gang members targeted him in 2007 because they believed that he had money when he returned from the United States. He also asserts that his name was in a "black book" because he had spoken out against the military in 1975, and that "people who work for the Government" would try to harm him if he returned.

Substantial evidence supports the IJ's determination that Lopez did not show a nexus between past or future harm by gang members and a protected ground (membership in a cognizable social group). Substantial evidence also supports the IJ's conclusion that Lopez did not demonstrate past harm or a likelihood of future

2

harm by unidentified Salvadoran government officials based on events that occurred over forty years ago, with no evidence that individuals who may have been interested in him at that time are still alive, and with no evidence that he was harmed when he returned to El Salvador in 2007.[1]

**PETITION FOR REVIEW DENIED.**

---

[1] Lopez does not challenge the IJ's denial of his claim under the Convention Against Torture in his opening brief. We thus do not reach this issue. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996); Fed. R. App. P. 28(a)(9)(A).