NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR ALFONSO MONZON-CAMPOS,<br><br>               Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.    19-70064<br><br>Agency No. A087-764-491<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of an
Immigration Judge

Submitted March 8, 2022[**]
Phoenix, Arizona

Before:  PAEZ, CLIFTON, and WATFORD, Circuit Judges.

Hector Alfonso Monzon-Campos, a native and citizen of Guatemala, petitions for review of a decision of an immigration judge (IJ) upholding an asylum officer's negative reasonable fear determination.  We deny the petition for review.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.** The proceedings before the IJ did not violate Monzon-Campos's due process rights. Although non-citizens in reasonable fear proceedings are entitled to due process protections, they are not entitled to all of the same protections granted to persons not previously removed. *Bartolome v. Sessions*, 904 F.3d 803, 812 (9th Cir. 2018). The IJ conducts a *de novo* review of the asylum officer's determination, and non-citizens are not entitled to present new evidence or testimony in the IJ hearing. *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195 (9th Cir. 2021).

Monzon-Campos contends that the IJ failed to conduct a *de novo* review and to elicit sufficient testimony. However, at the outset of the hearing, the IJ stated that he would review the asylum officer's decision and reverse it if he disagreed. Nothing in the record suggests that his review was not *de novo*. Moreover, the IJ questioned Monzon-Campos about the details of his prior testimony and allowed him to provide additional testimony. In these proceedings, Monzon-Campos was not entitled to more.

**2.** Substantial evidence supports the IJ's determination that the harm Monzon-Campos feared was not related to a protected ground. A petitioner in a reasonable fear proceeding must show a "reasonable possibility" that he will be persecuted on account of his race, religion, nationality, membership in a particular

social group, or political opinion in the country of removal. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.31(c).

Monzon-Campos testified that police and criminals repeatedly extorted him for money, sometimes by violent means. But he also testified that the perpetrators of that extortion targeted him purely because they "think I have money." Monzon-Campos cannot demonstrate the required nexus to a protected ground when substantial evidence supports the IJ's finding that his fear of harm is based exclusively on a "desire to be free from harassment by criminals motivated by theft." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Substantial evidence supports the IJ's rejection of Monzon-Campos's claim that the harm he feared was related to his political opinion. Although Monzon-Campos responded "Yes" when the IJ asked whether he would be harmed due to his political opinion, he only made a conclusory allegation of "mistreatment and persecution[.]" The asylum officer's written analysis concluded that Monzon-Campos "has not established that others would be aware of . . . or that anyone would be inclined to harm him on account of those opinions[,]" which Monzon-Campos "could not define" beyond his attendance at "one protest where the entire village participated" and his expressed opinion on a new president, which have only resulted in "a verbal argument." When the IJ asked Monzon-Campos if he

had faced problems due to his political opinion, he said that these problems were "[j]ust arguments, words, nothing bigger."

**3.** Substantial evidence also supports the IJ's determination that Monzon-Campos did not qualify for protection under the Convention Against Torture. To be entitled to CAT protection, a petitioner must establish that, if returned to his home country, he is more likely than not to face torture by or with the government's acquiescence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 831, 833 (9th Cir. 2016). Although Monzon-Campos testified that the police repeatedly stopped him while driving and demanded money, nothing beyond speculation links the police or other government actors to the more violent extortion he suffered at the hands of criminals. Nor is there anything in his testimony to suggest that he would be singled out for torture on his return.

**PETITION FOR REVIEW DENIED.**