NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO GUERRERO-GUERRERO, | No. 19-72392 |
| Petitioner, | Agency No. A091-641-202 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of an
Immigration Judge

Submitted June 8, 2022**
Anchorage, Alaska

Before: HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Fernando Guerrero-Guerrero, a citizen of Mexico, petitions for review of a

decision of an Immigration Judge ("IJ") affirming an asylum officer's determination

that Guerrero did not have a reasonable fear of persecution or torture in Mexico.

Reviewing for substantial evidence, *see Bartolome v. Sessions*, 904 F.3d 803, 811

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2018), we deny the petition.

1.    Substantial evidence supports the IJ's conclusion that Guerrero did not establish a reasonable possibility of future persecution. *See* 8 C.F.R. § 208.31(c), (g) (2011) (amended 2020).

a.  A petitioner "may establish a well-founded fear of future persecution in two ways: by proving past persecution, or by demonstrating that he has a subjectively genuine and objectively reasonable fear of future persecution." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (cleaned up); *see Bartolome*, 904 F.3d at 809 n.4. Guerrero never contended that he was persecuted in the past and he failed to show that anyone in Mexico would want to harm him in the future.

b.  The bulk of Guerrero's briefing is directed at the IJ's determination that he had not shown that he could not reasonably relocate within Mexico. A petitioner who fails to establish past persecution, or that he faces future persecution by the government or a government-sponsored actor, has the burden of establishing that it would be unreasonable for him to relocate. 8 C.F.R. § 208.16(b)(3)(i) (2000). In evaluating the reasonableness of relocation, an IJ considers several factors including "social and cultural constraints, such as age, gender, health, and social and familial ties." *Id.* § 208.16(b)(3) (2000). Guerrero has failed to establish that the IJ refused to consider all relevant evidence, including Guerrero's health, in making his

determination. *See Bartolome*, 904 F.3d at 814 (explaining that an IJ is not required to "address all of the evidence and claims specifically" in reviewing reasonable fear determinations). The IJ's statement, "I also wonder if they're going to be able to send him back in his medical condition but that's beside the point," does not indicate that he believed Guerrero's health was irrelevant to the relocation issue. And substantial evidence supports the IJ's conclusion that Guerrero failed to establish that he could not relocate. Guerrero never testified, nor argued, that he could not reasonably relocate because of his health and when asked whether he could relocate, he said he did not know.

2.	Substantial evidence also supports the IJ's determination that Guerrero did not establish a reasonable possibility of torture if returned to Mexico. *See* 8 C.F.R. § 208.31(c), (g) (2011) (amended 2020). Guerrero did not claim past torture or establish that anyone would target him if he were removed to Mexico, *see Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008), and the IJ reasonably found that relocation was possible, *see Tzompantzi-Salazar v. Garland*, ---F.4th---, 2022 WL 1196787, at *7 (9th Cir. Feb. 9, 2022) (explaining that the agency must consider "the *possibility* of relocation—without regard for the *reasonableness* of relocation" in the Convention Against Torture analysis).

**PETITION DENIED.**

3