**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRUNO MORALES CABRERA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-531

Agency No.
A205-671-646

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2023[**]
Portland, Oregon

Before: TALLMAN, RAWLINSON, and SUNG, Circuit Judges.

Petitioner Bruno Morales-Cabrera seeks reversal of the final order of the

Board of Immigration Appeals (BIA) dismissing his appeal and affirming the

decision of the Immigration Judge (IJ) denying his application for asylum,

withholding of removal, protection under the Convention Against Torture

(CAT) and cancellation of removal.  We have jurisdiction pursuant to 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. Because the parties are familiar with the facts of this appeal, we do not recite them here. We deny in part and dismiss in part the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (cleaned up). We review factual findings related to eligibility for asylum, withholding of removal, and CAT for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (CAT protection); *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (asylum and withholding of removal).

1. To be eligible for asylum a petitioner must show an inability to return to his home country, in part, due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021). To show a "well-founded fear of persecution" a petitioner must demonstrate at least "a ten-percent chance" that he will personally be persecuted, or individuals similarly situated to him will be persecuted. *Bartolome v. Sessions*, 904 F.3d 803, 809 (9th Cir. 2018) (quoting *Zhao v. Mukasey*, 540 F.3d 1027, 1029–30 (9th Cir. 2008)); 8 C.F.R. § 1208.13(b)(2)(iii)(A).

Here, the BIA properly determined that Petitioner failed to establish a well-founded fear of persecution "on account of his membership in his family."

2

Substantial evidence supports the BIA's finding that Petitioner's fear that he would be persecuted for previously paying an extortion demand for his nephew was speculative. The record demonstrates that Petitioner's parents and ten siblings continue to reside in Mexico safely. Contrary to Petitioner's assertions, the BIA did not deny his asylum application under the one-year bar or because his family is not a cognizable particular social group.

Because Petitioner fails to demonstrate he is eligible for asylum, he necessarily fails to meet the higher burden for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) ("Since [petitioner] could not establish her eligibility for asylum, the IJ properly concluded that she was not eligible for withholding of removal, which imposes a heavier burden of proof.")

2. To be eligible for CAT protection, a petitioner must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *Sharma*, 9 F.4th at 1067.

Petitioner does not argue on appeal that he would be subject to a particularized risk of torture as required for CAT protection—instead he states he will face "serious danger" if he returns to Mexico because the "violence inflicted on deportees in Mexico is widespread." As the IJ noted, the country conditions evidence shows that torture occurs with "some frequency," but Petitioner failed to offer any evidence that he personally will be at risk of torture. Accordingly, substantial evidence supports the BIA's denial of his CAT claim.

3. Unless Petitioner raises a colorable legal or constitutional claim, we lack jurisdiction to review the agency's discretionary denial of cancellation of removal. *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022) ("Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under . . . the other provisions enumerated in 8 U.S.C. § 1252(a)(2)(B)(i).") Here, Petitioner concedes that we lack jurisdiction to review the agency's discretionary determination but argues that we have jurisdiction to review whether the agency considered all the relevant evidence of his good moral character. *See Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019). We need not address that argument because the agency's exercise of discretion was an independent ground for denying his application for cancellation of removal. *See Patel*, 142 S. Ct. at 1627.

**PETITION DENIED in part and DISMISSED in part**.