**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WENDY JEANETH TZIQUIN-
GUACHIAC,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-788

Agency No.
A216-442-404

MEMORANDUM[*]

On Petition for Review of an Order of the
Immigration Judge

Submitted June 26, 2023[**]

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Wendy Jeaneth Tziquin-Guachiac, a native and citizen of Guatemala,

petitions pro se for review of an immigration judge's ("IJ") determination under

8 C.F.R. § 1208.31(g) that she did not have a reasonable fear of persecution or

torture in Guatemala and is not entitled to relief from her reinstated removal

order.  We have jurisdiction under 8 U.S.C. § 1252.  We review an IJ's negative

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reasonable fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We deny the petition for review.

We do not disturb the IJ's determination that Tziquin-Guachiac failed to establish a reasonable possibility that she suffered harm that rises to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's past experiences, including two beatings, even considered cumulatively, did not compel a finding of past persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Substantial evidence supports the determination that Tziquin-Guachiac failed to show a reasonable possibility that the harm she fears would be on account of a protected ground. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (no basis for withholding of removal where petitioner did not show a nexus to a protected ground). We reject as unsupported by the record Tziquin-Guachiac's contention that the IJ ignored issues or otherwise erred in analyzing her claim.

Substantial evidence also supports the determination that Tziquin-Guachiac failed to show a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Guatemala. *See Andrade-Garcia*, 828 F.3d at 836-37 (petitioner failed to demonstrate government acquiescence sufficient to establish a reasonable possibility of

future torture).

The temporary stay of removal remains in effect until the mandate issues.

**PETITION FOR REVIEW DENIED.**