**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Carlos Enrique Tayun-Herrera, Petitioner, v. Merrick B. Garland, U.S. Attorney General, Respondent. | No. 21-481 Agency No. A206-768-943 MEMORANDUM* |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted March 16, 2023**
Submission Withdrawn March 16, 2023
Resubmitted October 17, 2023

Before: BRESS, MENDOZA, Circuit Judges, and Ericksen,*** District Judge.

Carlos Enrique Tayun-Herrera, native and citizen of Guatemala, petitions

for review of an Immigration Judge's ("IJ") negative reasonable fear

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joan N. Ericksen, United States Senior District Judge for the District of Minnesota, sitting by designation.

determination. We review the IJ's affirmance of the asylum officer's negative reasonable fear determination for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

Substantial evidence supports the IJ's determination that Tayun-Herrera failed to establish a reasonable possibility of persecution on account of a protected ground. Tayun-Herrera stated that extortionists have targeted him for money. However, we have held that perceived wealth does not constitute a cognizable social group. *Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018). Tayun-Herrera's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Substantial evidence also supports the IJ's determination that Tayun-Herrera failed to show eligibility for protection under the Convention Against Torture (CAT). To demonstrate a reasonable probability of torture, a petitioner must show that the torture "would occur with the consent or acquiescence of a public official." *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195–96 (9th

---

[1] The government now concedes that the petition is timely and that we have jurisdiction under *Alonso-Juarez v. Garland*, 80 F.4th 1039 (9th Cir. 2023) (holding that the thirty-day deadline provision, 8 U.S.C. § 1252(b)(1), is a non-jurisdictional rule and that a reinstated order of removal becomes final only after reasonable fear proceedings have concluded).

Cir. 2021). Although Tayun-Herrera stated that the police told him to go to the Public Ministry, "general ineffectiveness on the government's part to investigate and prevent crime [does] not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Tayun-Herrera failed to show how a police car driving by an incident involving the extortionists constitutes awareness of, let alone acquiescence in, any alleged torture. *See* 8 C.F.R. § 208.18(a)(7); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION DENIED.** The motion for stay of removal is **DENIED AS MOOT**.