NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANGEL AGUILAR CASTRO, | No. 21-1029 |
| Petitioner, | Agency No. A074-990-783 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2024**
Pasadena, California

Before: GOULD, IKUTA, and FORREST, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge GOULD.

Petitioner Jose Angel Aguilar Castro, a native and citizen of El Salvador,

seeks review of the immigration judge's (IJ) order affirming an asylum officer's

negative reasonable fear determination as part of expedited removal proceedings.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the IJ's negative reasonable fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 831 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

1.      ***Statutory Withholding of Removal.*** To establish a reasonable fear of persecution sufficient to trigger entitlement to withholding of removal under the Immigration and Naturalization Act, the petitioner must demonstrate "a reasonable possibility that he . . . would be persecuted on account of [a protected ground]." 8 C.F.R. §§ 208.31(c), 1208.31(c). Moreover, where a petitioner bases his fear on past persecution, he must show that such persecution was "committed by the government, or by forces that the government was unable or unwilling to control." *Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021) (citation omitted).

We agree with the IJ that Aguilar Castro failed to demonstrate that El Salvadoran authorities are unable or unwilling to protect him from the gang that he fears. *See Bartolome v. Sessions*, 904 F.3d 803, 809 (9th Cir. 2018) (holding that to satisfy the objective part of the reasonable-fear inquiry a petitioner must present "a good reason to fear future persecution based on credible, direct, and specific evidence in the record"). Aguilar Castro never reported to government authorities his kidnapping or threats that he received related to the gang's attempt to recruit his daughter. And the evidence of record does not compel the conclusion that the government was unable or unwilling to control the gang actors. *See Bringas-*

*Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017) (en banc) ("all relevant evidence" must be considered in determining whether the government is unable or unwilling to control private actors). While Aguilar Castro described violent gang activity in El Salvador and told the asylum officer that reporting gang activity to the authorities is useless because "they are sometimes late and they even go along with [the gang]," in response to direct questions about whether the police could protect him, he stated that if El Salvadoran authorities knew that he was being harmed by a gang, they would not allow it. He also acknowledged that he did not know if authorities were working with the gang actors who threatened him. Where Aguilar Castro's statements are the only evidence of record on the determinative issue relied on by the IJ,[1] substantial evidence supports the IJ's decision. *Kalulu v. Garland*, 94 F.4th 1095, 1099 (9th Cir. 2024); *see also Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006) (a petitioner need not have reported persecution to the authorities if he can "*convincingly establish that doing so would have been futile or have subjected him to further abuse*") (emphasis added).

2. ***Convention Against Torture.*** To demonstrate a reasonable fear of torture, thereby triggering eligibility for CAT protection, Aguliar Castro had to "establish[] . . . a reasonable possibility that he . . . would be tortured in the country

---

[1]In his briefing in this court, Aguilar Castro references a 2021 country report, but this report was not presented to the agency and cannot be considered on appeal. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

of removal." *Andrade-Garcia*, 828 F.3d at 836 (quoting 8 C.F.R. §§ 208.31(c), 1208.31(c)). Aguilar Castro also had to show that it was "more likely than not" that the torture he feared would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" in El Salvador. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (citation omitted). Again, the record does not compel the conclusion that Aguilar Castro will be tortured "with the consent or acquiescence" of El Salvadoran authorities upon removal to that country. *See Andrade-Garcia*, 828 F.3d at 836 (recognizing that a government's general ineffectiveness in investigating and preventing crime does not suffice to show acquiescence to torture.). Rather, his testimony that he does not fear El Salvadoran officials, only the gang, and that government officials would not allow the gang to harm him if they knew it was happening directly undercuts his CAT claim.

**PETITION DENIED.**

*Aguilar Castro v. Garland*, No. 21-1029
Judge Gould, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's holding affirming the immigration judge's ("IJ's") determination that Petitioner failed to establish a reasonable fear of torture under the Convention Against Torture. I dissent from the majority's holding affirming the IJ's determination that the Petitioner failed to establish a reasonable fear of persecution.

Reasonable fear interviews are designed to weed out frivolous claims, and a petitioner need only demonstrate a "significant possibility" that he could establish eligibility for protection to get past this screening stage. See 8 C.F.R. § 208.31(c). The evidence a petitioner can present during a reasonable fear interview is limited, because these interviews "are not full evidentiary hearings." *Bartolome v. Sessions*, 904 F.3d 803, 813 (9th Cir. 2018).

Petitioner's testimony at this stage was predictably limited, but there is a significant possibility that Petitioner could present a valid asylum claim if he were permitted to expand on his testimony and file evidence. Petitioner's not reporting MS's threats to the police is not dispositive, because he repeatedly expressed fear that reporting to the authorities would be dangerous or futile. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069-70 (9th Cir. 2017). Also, Petitioner's credible testimony about MS's activity in El Salvador strongly suggests that the government is not willing or able to control the gang. MS kidnapped and intimidated

1

Petitioner, extorted members of his family remaining in El Salvador, and allegedly killed the father of a woman whom MS wanted to recruit. We have previously held that a gang's will and ability to carry out its threats can be established by evidence that the gang has in fact carried out its threats. *See, e.g., Bolanos-Hernandez v. INS*, 767 F.2d 1277, 1285-86 (9th Cir. 1984) (fear of persecution evidenced by gang's killing friends and pressing family members into service). Petitioner's evidence is sufficiently "direct and specific" at this stage. His fear of MS is not generalized; it is based on things that have happened to him, his family, and others he knows—all apparently without government intervention.

Petitioner's evidence may not ultimately be enough to obtain protection from removal, but we should not treat a brief screening interview as if it were a full evidentiary hearing on Petitioner's claims. Petitioner's answers to the asylum officer's interview questions put forward a valid basis for fearing persecution, and Petitioner should be permitted to make an application for protection from removal in the first instance and present evidence.