**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JAIRON IBAN GONZALEZ-MEJIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1610

Agency No.
A200-211-700

MEMORANDUM*

On Petition for Review of an Order of the
Department of Homeland Security

Submitted September 11, 2024**
San Francisco, California

Before: WARDLAW, GOULD, and BUMATAY, Circuit Judges.

Jairon Iban Gonzalez-Mejia, a native and citizen of Honduras, petitions for

review of an Immigration Judge's ("IJ") decision concurring with an asylum

officer's negative reasonable fear determination. We have jurisdiction under 8

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252(a)(1) and review the IJ's reasonable fear determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833–34 (9th Cir. 2016). We deny the petition.

1. Substantial evidence supports the IJ's negative reasonable fear determination. A petitioner has a "reasonable fear of persecution or torture" when he "establishes a reasonable possibility that he . . . would be persecuted on account of his . . . race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal." *Andrade-Garcia*, 828 F.3d at 836 (citing 8 C.F.R. §§ 208.31(c), 1208.31(c)). Gonzalez-Mejia claims he has a reasonable fear of returning to Honduras because gangs have targeted him due to (1) his political opinion as a member of the Honduran military, and (2) based on his membership in the particular social group comprised of his family. Neither is sufficient to establish reasonable fear.

First, Gonzalez-Mejia fails to show that gang members targeted him based on his military affiliation. In his testimony, Gonzalez-Mejia mentions only one incident—a 2016 episode when gang members stole his motorcycle—connecting his alleged persecution to his military status. But he conceded that he was wearing civilian clothing during the robbery, and the robbers didn't say anything about his military affiliation. And when asked how the gang knew of his military affiliation,

Gonzalez-Mejia vaguely responded that "maybe some of [his] friends, [or] other people" told them. But he further testified that he had never previously received threats from gangs due to his military affiliation. So substantial evidence supports the IJ's conclusion that Gonzalez-Mejia failed to establish that any alleged persecution occurred because of his military status.

Second, Gonzalez-Mejia claims that he fears certain people, whom he doesn't know, that targeted him because of his father. Because his father allegedly killed someone, Gonzalez-Mejia fears that his father's enemies will retaliate against him upon his return to Honduras. And he asserts that these unnamed people threatened and followed his family. But Gonzalez-Mejia concedes that he was never directly harmed or threatened by his father's enemies, and that his family has lived in Honduras without any harm from these enemies. So he failed to show a reasonable possibility that his father's enemies would persecute him. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021) ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution.").

Because Gonzalez-Mejia failed to establish that persecution or torture would occur based on a protected trait, the IJ properly concluded that he lacked reasonable fear.

2. Gonzalez-Mejia also raised several due process arguments, each of which is meritless. First, he asserts the reasonable fear screening procedures violate due

process because petitioners cannot present new evidence. But we rejected that argument in *Alvarado-Herrera v. Garland*, 993 F.3d 1187 (9th Cir. 2021), because "[d]ue process does not mandate the right to present new evidence to an appellate tribunal when a litigant has been afforded a reasonable opportunity to present evidence to the first-instance decision-maker." *Id.* at 1195.

Next, Gonzalez-Mejia contends that, even if the process is constitutionally valid, the IJ's conduct during his screening violated due process. Although he claims that "the IJ's statements toward Petitioner and his attorney show bias and hostility such that the IJ did not act as a neutral fact finder," Gonzalez-Mejia doesn't point to any instances in the record that demonstrate bias. He contends that the IJ's bias resulted in a lack of analysis. But that is insufficient to show any alleged bias "potentially affected the outcome of the proceedings." *See Arrey v. Barr*, 916 F.3d 1149, 1159 (9th Cir. 2019) (simplified); *see also Alvarado-Herrera*, 993 F.3d at 1190–91 ("During the review hearing, the immigration judge . . . may (but need not) accept additional evidence and testimony from the non-citizen." (simplified)). Gonzalez-Mejia further admits that there are "no[] . . . cases where this Court remanded for a new reasonable fear review due to an IJ's bias[.]"

Lastly, related to his other claims, Gonzalez-Mejia argues that the IJ's decision violated due process because its analysis did not address any of his alleged fears. But "an IJ's failure specifically to address all of the evidence and claims

4                                                                                          23-1610

before him or her (during the reasonable fear review proceedings) does not violate the alien's due process rights." *Bartolome v. Sessions*, 904 F.3d 803, 807 (9th Cir. 2018).  So the IJ did not violate Gonzalez-Mejia's due process rights.

**PETITION DENIED.**