NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEX CANA-OSORIO,<br><br>          Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No. 23-2090<br><br>Agency No.<br>A205-932-787<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2024[**]
San Jose, California

Before: GRABER, FRIEDLAND, and BUMATAY, Circuit Judges.

Alex Cana-Osorio, a native and citizen of Guatemala, seeks review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We review legal conclusions de novo and factual findings underlying the denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's decision to deny Cana-Osorio's claims for asylum and withholding of removal. Cana-Osorio asserts that he is a member of two particular social groups—"young working-class males in Guatemala" and "working-class males in Guatemala from small villages." To obtain both asylum and withholding of removal, Cana-Osorio must establish a "nexus" between his past or feared future harm and his membership in one of the proposed groups. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). To establish nexus for an asylum claim, Cana-Osorio must show that his protected ground was "one central reason" for his past or feared future persecution. *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009). For a withholding-of-removal claim, Cana-Osorio need show only that his membership in a particular social group was "a reason" for his past or feared persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). He failed to establish nexus under either standard.

Substantial evidence supports the agency's determination that Cana-Osorio's fear related to gang violence, extortion, and general criminal activity—not to his

status as a young working-class male in Guatemala or his residence in a small village. For example, the two factory workers who were killed by gang members both resided in the capital, not a small village. And Cana-Osorio's encounter with gang members at the bus stop involved five to six people, none of whom also worked at the factory. That the gang members told Cana-Osorio that "[e]veryone pays or we take care of them" further demonstrates the gang's generalized interest in people with money—not solely working-class males from small villages. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (rejecting claim where "gangs targeted [petitioner] because they perceived him to have money"); *see also Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021) (upholding denial of withholding of removal because "criminals in Mexico will target anyone they believe can pay, regardless of their victim's background or reason for their wealth").[1]

2. Substantial evidence also supports the BIA's decision to deny Cana-Osorio's CAT claim. Cana-Osorio must establish, under CAT, that it is more likely than not he would be tortured upon his removal to Guatemala and that "sufficient state action [is] involved in that torture." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (citation and internal quotation marks omitted). The record supports the BIA's conclusion that Cana-Osorio could relocate within Guatemala to

---

[1] Cana-Osorio contends that the agency conflated the nexus standards for asylum and withholding of removal, but both the IJ and BIA separately considered the lower withholding-of-removal standard.

avoid threats of future torture, because he testified that he had no further contact with gang members after leaving his factory job. And the record also supports the BIA's conclusion that generalized violence in Guatemala did not prove that the gang targeted Cana-Osorio individually.[2] *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (upholding denial of CAT relief where generalized violence did not show "any particularized risk of torture").

**PETITION DENIED.**

---

[2] Contrary to Cana-Osorio's assertion, the BIA stated that it considered "the entirety of the record" before denying the CAT claim, not just his ability to relocate. Cana-Osorio has not pointed to any specific evidence that he believes the BIA overlooked. Remand is therefore unwarranted.