**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

SELVIN MEJIA-MENDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6072

Agency No.
A095-759-483

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Department of Homeland Security

Submitted June 9, 2025[**]
Pasadena, California

Before: CLIFTON, IKUTA, and FORREST, Circuit Judges.

Petitioner Selvin Mejia-Mendez, a native and citizen of Honduras, petitions for review of an Immigration Judge's (IJ) order affirming an asylum officer's negative reasonable-fear determination. We have jurisdiction under 8 U.S.C. § 1252, *see Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review an IJ's reasonable-fear determination for substantial evidence. *See Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). To be eligible for withholding of removal, Mejia-Mendez must show a reasonable possibility that his membership in a particular social group would be a reason he would be persecuted. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021).[1]

Even assuming Mejia-Mendez's proposed social group of "imputed gang members in Honduras" is cognizable, substantial evidence supports the agency's conclusion that Mejia-Mendez has not established the requisite nexus to his feared persecution. Mejia-Mendez's abdominal tattoo was not visible when he was kidnapped by MS-13 gang members over a decade ago, and two other individuals who did not have suspicious tattoos were also kidnapped. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). And even after the gang learned of Mejia-Mendez's tattoo, they ultimately released him. Although Mejia-Mendez worries that other gangs may be "more aggressive" than MS-13 and will "strip you to see if you don't have any tattoos," a reasonable adjudicator could conclude that Mejia-Mendez is not reasonably likely to be persecuted because of his imputed gang

---

[1]Mejia-Mendez has waived any challenge to the agency's conclusion that he has no reasonable fear of torture in Honduras. *See Lapadat v. Bondi*, 128 F.4th 1047, 1054 n.3 (9th Cir. 2025).

membership from a tattoo that is not ordinarily visible.

**PETITION DENIED.**[2]

---

[2] Petitioner's Motion to Stay Removal (Dkt. 2) is DENIED.