**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE HUMBERTO LOPEZ AGUILAR,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-994

Agency No.
A213-372-579

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2026**

Before: RAWLINSON, VANDYKE, and MENDOZA, Circuit Judges.

Jose Humberto Lopez Aguilar, a citizen of Mexico, petitions for review of a

Board of Immigration Appeals ("BIA") order dismissing his appeal. Lopez

Aguilar argues that the BIA abused its discretion by failing "to consider its *sua*

*sponte* authority to reopen proceedings." He maintains that "changed

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

circumstances and Fifth Amendment due process considerations weigh in favor of reopening proceedings." We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Lopez Aguilar briefly argues that the BIA abused its discretion by failing to consider its authority to *sua sponte* reopen this matter. He cites only *Bartolome v. Sessions*, 904 F.3d 803 (9th Cir. 2018) to support this abuse-of-discretion argument. But in *Bartolome*, this court found error because an immigration judge affirmatively concluded that he lacked jurisdiction to reopen a matter. 903 F.3d at 815. That's not what happened here. Here, the BIA dismissed Lopez Aguilar's appeal because his appellate brief did not establish clear error by the immigration judge or explain why Lopez Aguilar had failed to notify the immigration court and the BIA of his changed address. At no point did the BIA find that it lacked jurisdiction. And while the BIA has jurisdiction to reopen this matter, it does not automatically err simply because it opted not to.

As for Lopez Aguilar's due process arguments, "[t]o prevail on a due process challenge to deportation proceedings, [a petitioner] must show error and substantial prejudice." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). This court "will not simply presume prejudice"—the petitioner must establish that the due process error actually affected the outcome of proceedings. *Id.* Even assuming the government's argument on due process runs afoul of this court's

25-994

recent en banc decision *United States v. Rivera-Valdes*, 157 F.4th 978 (9th Cir. 2025) (en banc), *petition for cert. docketed*, No. 25-972 (U.S. Feb. 13, 2026),[1] that does not change the fact that Lopez Aguilar has not intelligibly explained to this court what error and substantial prejudice occurred.

**DENIED.**[2]

---

[1] The government maintains that Lopez Aguilar's failure to update his address undercuts his due process arguments. But this court held in *United States v. Rivera-Valdes* that a petitioner's failure to comply with a statutory requirement to update his address does not deprive him of his due process right to constitutionally sufficient notice. 157 F.4th at 991.

[2] Lopez Aguilar's motion to stay removal is denied.